UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No.:
Date Purchased:

-------------------------------------------------------------------------X

ROBERT VARGAS,

Plaintiff,

**SUMMONS IN CIVIL
ACTION**

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICER "JOHN"
RAMOS, first name being fictitious intended to be a male Police
Officer participating in the arrest of Plaintiff whose first name and
Shield Number are unknown to Plaintiff but known to the NEW
YORK CITY POLICE DEPARTMENT, Individually and in his
official capacity as a New York City Police Officer, NEW YORK
CITY POLICE OFFICER SERGEANT "JOHN" MEJIA, first name
being fictitious intended to be a male participating in the arrest of
Plaintiff and whose first name and Shield Number are unknown to
Plaintiff but are known to the NEW YORK CITY POLICE
DEPARTMENT, Individually and in his official capacity as a New
York City Police Officer, NEW YORK CITY POLICE DETECTIVE
JASON MERCHAN, Shield #6462 of the Narcotics Borough
Manhattan North, Individually and in his official capacity as a New
York City Police Officer/Detective, NEW YORK CITY POLICE
OFFICER BRANDON VELEZ, Shield #10884 of the Narcotics
Borough Manhattan North, Individually and in his official capacity as
a New York City Police Officer, NEW YORK CITY POLICE
DEPARTMENT NARCOTICS BOROUGH MANHATTAN
NORTH, NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, NEW YORK CITY DEPARTMENT OF
CORRECTIONS and "JOHN DOES" and "JANE DOES", names
being fictitious intended to be New York City Police Officers and/or
New York City Department of Corrections Officers and/or New York
City Health and Hospitals Corporation's medical employees, doctors,
agents, licensees, staff, personnel and/or nurses, individually and in
their respective official capacities,

Defendants.

-------------------------------------------------------------------------X

**To the above named Defendants:**

    **YOU ARE HEREBY SUMMONED** and required to file with the clerk of this Court and serve upon
PLAINTIFF'S ATTORNEYS: DRUMMOND & SQUILLACE, PLLC
175-61 Hillside Avenue, Suite 205
Jamaica, NY 11432
(718) 298-5050

to answer the complaint this is herewith served upon you, within 21 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded
in the complaint.

Dated:      Jamaica, New York
            June 25, 2018

_____        _____         _____        _____
CLERK                                           DATE                            BY DEPUTY CLER

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ROBERT VARGAS,

                                 Plaintiff,

                         - against -

**COMPLAINT
AND JURY
DEMAND**

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICER "JOHN"
RAMOS, first name being fictitious intended to be a male Police
Officer participating in the arrest of Plaintiff whose first name and
Shield Number are unknown to Plaintiff but known to the NEW YORK
CITY POLICE DEPARTMENT, Individually and in his official
capacity as a New York City Police Officer, NEW YORK CITY
POLICE OFFICER SERGEANT "JOHN" MEJIA, first name being
fictitious intended to be a male participating in the arrest of Plaintiff
and whose first name and Shield Number are unknown to Plaintiff but
are known to the NEW YORK CITY POLICE DEPARTMENT,
Individually and in his official capacity as a New York City Police
Officer, NEW YORK CITY POLICE DETECTIVE JASON
MERCHAN, Shield #6462 of the Narcotics Borough Manhattan North,
Individually and in his official capacity as a New York City Police
Officer/Detective, NEW YORK CITY POLICE OFFICER BRANDON
VELEZ, Shield #10884 of the Narcotics Borough Manhattan North,
Individually and in his official capacity as a New York City Police
Officer, NEW YORK CITY POLICE DEPARTMENT NARCOTICS
BOROUGH MANHATTAN NORTH, NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, NEW YORK CITY
DEPARTMENT OF CORRECTIONS and "JOHN DOES" and "JANE
DOES", names being fictitious intended to be New York City Police
Officers and/or New York City Department of Corrections Officers
and/or New York City Health and Hospitals Corporation's medical
employees, doctors, agents, licensees, staff, personnel and/or nurses,
individually and in their respective official capacities,

                              Defendants.
-------------------------------------------------------------------------------X

      Plaintiff, ROBERT VARGAS, by and through his attorneys, DRUMMOND &

SQUILLACE, PLLC, states and alleges, upon information and belief, as follows:

## **INTRODUCTION**

      1.    This is an action seeking compensation and damages pursuant to 42 U.S.C.

§§ 1983, 1986 and 1988 and for cruel, unusual and inhumane treatment/cruel and unusual

punishment in violation of the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, unlawful excessive force, assault and battery and unlawful denial of timely, proper and adequate medical care in violation of the Fourth and Fourteenth Amendments, and, in violation of Plaintiff's New York State and Federal Constitutional Rights as well as for claims including, but not limited to: excessive force, assault, battery, negligent hiring, negligent training, negligent retention, negligent supervision, negligent/failure to discipline, intentional and/or negligent inflection of emotional distress, cruel and unusual punishment, intentional and/or negligent denial of medical care, *respondeat superior*, violation of civil rights, harassment, abuse of authority, deviation and/or gross deviation from proper procedures, malice, recklessness, carelessness, gross negligence, official misconduct, deliberate indifference, reckless disregard, and punitive damages sustained by Plaintiff ROBERT VARGAS as a direct and proximate result of the unconstitutional, tortious, negligent, reckless, wanton, deliberate, reckless, intentional and/or malicious acts, conduct, failures and/or omissions of the Defendants herein in their use of unlawful excessive force, assault, battery, failure to provide timely, proper and/or adequate medical care and infliction of emotional distress (both intentional and negligent) against him. This action also seeks to recover punitive damages against the Defendants herein with the exception of the municipality.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1343, federal question jurisdiction. This action is brought pursuant to 42 U.S.C. Sections 1983, 1986 and 1988, the Fourth, Eighth and Fourteenth Amendments to the United States

3

Constitution, and, the Constitution and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(1-4) and 2202. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendent state law claims pursuant to 28 U.S.C. Section 1367.

3.     Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391.

## NOTICE OF CLAIM

4.     Plaintiff, in furtherance of his causes of action, timely filed a Notice of Claim against the City of New York in compliance with General Municipal Law Section 50.

5.     More than 30 days have elapsed since service of said Notice of Claim and the City of New York has failed to pay or adjust the Plaintiffs claim.

6.     This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise. *Annexed hereto and made a part hereof as Exhibit "A" is a copy of Plaintiff's Notice of Claim.*

## THE PARTIES

7.     That on or about June 28, 2017, and at all relevant times herein mentioned, Plaintiff ROBERT VARGAS (hereinafter "Plaintiff") was and is a resident of the State of New York.

8.     That on or about June 28, 2017, and at all relevant times herein mentioned, the Defendant THE CITY OF NEW YORK was and is a Municipal Corporation existing by and under the laws of the State of New York.

9.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant THE CITY OF NEW YORK is the public employer and/or parent

4

agency/governing municipality of: Defendants NEW YORK CITY POLICE DEPARTMENT (hereinafter "Defendant NYPD"), NEW YORK CITY POLICE DEPARTMENT OFFICER "JOHN" RAMOS (hereinafter "Defendant Ramos"), first name being fictitious intended to be a male police officer participating in the arrest of Plaintiff whose first name and Shield Number are unknown to Plaintiff but are known to Defendants NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK; Defendant NEW YORK CITY POLICE DEPARTMENT OFFICER "JOHN" MEJIA (hereinafter "Defendant Mejia"), first name being fictitious intended to be a male police officer participating in the arrest of Plaintiff whose first name and Shield Number are unknown to Plaintiff but are known to Defendants the NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK; Defendant NEW YORK CITY POLICE DETECTIVE JASON MERCHAN, Shield #6462 of the Narcotics Borough Manhattan North (hereinafter "Defendant Merchan"), NEW YORK CITY POLICE OFFICER BRANDON VELEZ, Shield # 10884 of the Narcotics Borough Manhattan North (hereinafter "Defendant Velez"); the NEW YORK CITY DEPARTMENT OF CORRECTIONS (hereinafter "Defendant NYCDOC"), NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (hereinafter "Defendant NYCHHC") and "JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City Police Officers, Corrections Officers, NYCHHC medical employees, doctors, nurses, staff, agents, servants, employees, licensees, contractors, subcontractors and/or other affiliates, agencies, and departments.

10.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant NYPD is an agency of Defendant THE CITY OF NEW YORK, existing and operating by virtue of the laws of the State of New York and the City of New York.

11.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant NYCDOC is an agency, department and/or municipal subsidiary of Defendant THE CITY OF NEW YORK, existing and operating by virtue of the laws of the State of New York and the City of New York.

12.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH is an agency, department and/or municipal agency of Defendants THE CITY OF NEW YORK and NYPD, existing and operating by virtue of the laws of the State of New York and the City of New York.

13.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant NYCHHC was/is an agency, department, affiliate and/or municipal subsidiary of Defendant THE CITY OF NEW YORK, existing and operating by virtue of the laws of the State of New York and the City of New York.

14.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant NYCHHC was/is a domestic corporation, existing and operating by virtue of the laws of the State of New York and the City of New York.

15.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant RAMOS, Defendant MEJIA, Defendant MERCHAN, Defendant VELEZ, and "JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City Police Officers, New York City Corrections Officers and/or New York City Health and Hospital Corporation medical employees/staff/doctors/nurses, in their individual and respective official capacities, are employees/agents/licensees of Defendants THE CITY OF NEW YORK, NYPD, NYCHHC, and/or NYCDOC and, as such, Defendants THE CITY

6

OF NEW YORK, NYCDOC, NYPD and NYCHHC are liable for their acts, conduct, failures and/or omissions herein.

16.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and JANE DOES" were acting under the color of law and in the scope of/in furtherance of their employment with and the business of Defendants THE CITY OF NEW YORK, NYPD, NYCDOC, and NYCHHC herein.

17.     That on or about June 28, 2017, and at all relevant times herein mentioned Defendants "JOHN DOES" and "JANE DOES" are agents, licensees, servants, police officers, corrections officers, doctors, nurses, medical staff, medical personnel and/or employees of the Defendants THE CITY OF NEW YORK, NYPD, NYCDOC, and NYCHHC herein.

18.     In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named Defendants herein in the following subparagraphs are all sued in their individual and official capacities; all acted under color of law and within the scope of their employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York:

        a.     Defendant RAMOS was, and is, at all relevant times herein mentioned, a police officer of/with NYPD;

        b.     Defendant MEJIA was, and is, at all relevant times herein mentioned, a police officer and Sergeant of/with the NYPD;

        c.     Defendant MERCHAN was, and is, at all times herein mentioned, a police officer and Detective of/with the NYPD;

7

d.      Defendant VELEZ was, and is, at all relevant times herein mentioned, a police officer of/with the NYPD.

e.      Defendants "JOHN DOES" and "JANE DOES", were and are, at all relevant times herein mentioned, police officers, corrections officers, medical staff, doctors, nurses, agents, servants and employees of the NYPD, NYCDOC and/or NYCHHC.

19.     That on or about June 28, 2017, and at all relevant times herein mentioned, Defendants THE CITY OF NEW YORK, NYPD, NYCDOCT and/or NYCHHC owned, operated, managed, controlled, trained, maintained, governed, employed and/or supervised the foregoing individual Defendants herein, to wit: Defendant RAMOS, Defendant MEJIA, Defendant MERCHAN, Defendant VELEZ, and Defendants "JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors and other affiliates, agencies, and departments, are agents, licensees, servants and/or employees of Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

20.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant THE CITY OF NEW YORK, was, and still is a domestic municipal corporation existing by and under the laws of the City and State of New York, and, is the parent municipal corporation responsible for and under a duty to provide the management, overseeing, control and/or supervision of Defendants NYCPD, NYCDOC and NYCHHC and their agents, servants, personnel, staff, officers, police officers, correction officers, medical staff, doctors, nurses, medical employees, servants, employees and licensees and is responsible for the controlling, managing, governing, overseeing and supervising of the day

8

–to- day operations, business functions and services provided by NYPD, NYCDOC and NYCHHC herein.

21.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant THE CITY OF NEW YORK owned, operated, controlled, managed, governed and/or supervised Defendants NYPD, NYCDOC, New York City Police Department Narcotics borough Manhattan North, and NYCHHC their agents, servants, employees, licensees, contractors, independent contractors, officers, police officers, correction officers, medical staff, medical personnel, doctors, nurses, and all other staff/employees in their employ.

22.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant NYCHHC was/is the agency/department/corporation/affiliate/subsidiary responsible for and under a duty to provide for the medical care, services, benefits and treatment to all inmates, including Plaintiff herein, that are under the exclusive care, custody and control of Defendants the CITY OF NEW YORK and NYCDOC.

23.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant NYCHHC was/is the agency, department, corporation, affiliate, subsidiary responsible for and under a duty to provide for the management, overseeing, control and/or supervision of all individuals under their employ including, but not limited to, all individuals under their employ who are assigned the duty to provide medical care, services, benefits and treatment to the inmates, like Plaintiff herein, who are in the exclusive care, custody and control of Defendants the CITY OF NEW YORK and the NYCDOC.

24.     That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendant NYCHHC is under a duty to provide and is responsible

9

for providing proper, timely and adequate medical care, services, benefits and treatment to inmates, including to Plaintiff herein, who are in the exclusive care, custody and control of Defendants the CITY OF NEW YORK and NYCDOC herein.

25.    That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendant NYCHHC employed, controlled, managed, governed, trained, maintained and supervised their agents, servants, employees, licensees, contractors, independent contractors, medical staff, medical personnel, doctors, nurses, and all other medical staff/employees in their employ including those employed/assigned to provide medical care, treatment, services and benefits to inmates in the exclusive care, custody and control of Defendants the CITY OF NEW YORK and NYCDOC herein and, in particular, to Plaintiff herein.

26.    That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendant NYCHHC was and still is, a governmental and/or municipal subdivision, department, agency and/or affiliate of Defendant THE CITY OF NEW YORK, existing by and under the laws of the City and State of New York.

27.    That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants the CITY OF NEW YORK and NYCHHC were under a duty to manage, control, oversee, monitor, govern, train, maintain, supervise and provide the proper, adequate and timely medical care, treatment, services and benefits to Plaintiff herein as Plaintiff is an inmate in the exclusive care, custody and control of Defendants the CITY OF NEW YORK and NYCDOC.

28.    That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendant NYCHHC was/is an agent, affiliate, subsidiary,

10

subdivision, department, agency, independent contractor, contractor, healthcare services agent, healthcare services provider, medical provider, medical care and services provider, medical staffing provider, medical personnel provider, employee, servant and/or licensee of/for/to Defendants the City of New York and NYCDOC and is the employer, supervisor, manager, staffing agent, staffing provider of Defendants "John Does" and "Jane Does", names being fictitious intended to be the medical doctors, physicians, nurses, medical assistants, medical staff, medical personnel, medical employees, medical contractors, medical licensees, medical independent contractors and/or medical providers employed by Defendants at Defendant NYCDOC's Rikers Island Correctional Facility from on or about June 28, 2017 and continuing to present, and as such, is responsible for the failure, denial and/or refusal to provide Plaintiff, who at all relevant times herein mentioned was/is a sick and seriously and physically injured inmate who requires medical care/services and who, as an inmate of NYCDOC, cannot avail himself of such required medical care/services for his serious physical injuries and conditions.

## FACTUAL AND GENERAL ALLEGATIONS

29.    That on or about June 28, 2017,  at approximately 1:10 AM, Plaintiff ROBERT VARGAS ("Plaintiff") was lawfully exiting an apartment building located at 60 East 102nd Street in the County of New York when Defendant RAMOS, Defendant MEJIA, Defendant MERCHAN, Defendant VELEZ, and Defendants "JOHN DOES" and "JANE DOES", names being fictitious intended to be New York City Police Officers each individually and in their respective official capacities, each acting with deliberate indifference to human life, each acting in concert with the other and each acting under the color of law, unlawfully, forcibly and without any probable, just and/or legal cause,

11

assaulted, battered and used excessive and unreasonable force against Plaintiff causing Plaintiff to sustain and suffer severe physical and personal injuries including, but not limited to: a broken/fractured nose; injuries to the Plaintiff's head, face, nose, eye(s)/eye; swelling/bruising/lacerations to Plaintiff's face/head/forehead/left eye such that his left eye was swollen shut and his vision subsequently impaired/diminished/lost; and other consequential and related injuries herein. That on or about June 28, 2017 and thereafter, after the foregoing Defendants unlawfully assaulted, battered and used excessive and unreasonable force against Plaintiff, causing Plaintiff to suffer serious personal and physical injuries therefrom, same Defendants unlawfully denied, refused and/or failed to provide Plaintiff with the necessary and required timely, adequate and/or proper medical treatment/care for Plaintiff's injuries.

30.     That on or about June 28, 2017, Defendant RAMOS, Defendant MEJIA, Defendant MERCHAN, Defendant VELEZ and Defendants "JOHN DOES" and "JANE DOES", each acting in concert with the other and acting under the color of law, while dressed in plain clothes, did not identify themselves as New York City Police Officers to Plaintiff and immediately upon approaching Plaintiff, without any just, probable and/or legal cause, grabbed Plaintiff by his arm, twisted his arm and dragged Plaintiff down to the ground where each of the foregoing Defendants then repeatedly punched, kicked, battered, hit, struck and assaulted Plaintiff including, but not limited to, hitting, striking, assaulting and battering Plaintiff with a hard object, upon information and belief believed to be a police radio, with which same Defendants hit and struck Plaintiff repeatedly in Plaintiff's face, eye(s), nose and head.

12

31.     That on or about June 28, 2017, immediately upon being hit, struck, punched, assaulted and battered by the foregoing Defendants, Plaintiff cried out in extreme pain and repeatedly cried out for same Defendants to stop their assault and battery against him. Plaintiff further cried out to same Defendants that their actions, assault and battery against him were causing him to have difficulty breathing but, despite knowing of their assault and battery against Plaintiff and despite seeing Plaintiff having difficulty breathing, and despite Plaintiff telling them he was having difficulty breathing, same Defendants refused, denied and failed to stop their assault/battery/excessive force against him and then failed/refused to provide Plaintiff with the medical treatment and care that he needed.

32.     That on or about June 28, 2017 and continuing throughout the foregoing Defendants' exclusive care, custody and control of Plaintiff, same Defendants, each acting in concert with the other and acting under the color of law, unlawfully and intentionally refused and denied Plaintiff, after assaulting, battering, using excessive force against and seriously and physically injuring him, the emergency medical care, timely medical care, proper medical care and/or adequate medical care that Plaintiff needed and they did so with intentionally, maliciously, wantonly, with deliberate indifference and reckless disregard for Plaintiff's life, health and safety.

33.     That on or about June 28, 2017, after Defendants RAMOS, MEJIA, MERCHAN and VELEZ and "JOHN DOES" and "JANE DOES" assaulted, battered, used excessive force against and seriously injured Plaintiff, same Defendants forcibly arrested Plaintiff and instead of transporting him to a hospital or calling for an ambulance, they took Plaintiff to the police station and made him wait for over six (6) hours to be booked and

13

processed—forcing Plaintiff to be in and suffer from serious physical injuries without treatment therefor for over six (6) hours.

34.     That on or about June 28, 2017, after Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" assaulted, battered and used unreasonable and excessive force against Plaintiff and thereby caused Plaintiff to sustain serious personal and physical injuries therefrom, Plaintiff continuously and repeatedly requested, begged and pleaded with same Defendants to provide to him and/or to cause to be provided to him, emergency and/or medical care as Plaintiff was in excruciating pain, was having difficulty breathing and was seriously injured—all of which same Defendants knew.

35.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES", each individually and in their respective official capacities, each acting in concert with the other and each acting under the color of law, continued to unlawfully and intentionally deny/refuse and/or fail to provide Plaintiff with emergency care and/or medical care/treatment that was timely, proper and/or adequate, and, further unlawfully subjected Plaintiff to cruel and unusual punishment/inhumane treatment as they intentionally, and with deliberate indifference to and reckless disregard for Plaintiff's health, safety and life, denied/refused Plaintiff medical care despite knowing of Plaintiff's injuries, and despite knowing that he was in pain and having difficulty breathing.

36.     That on or about June 28, 2017, after Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" assaulted, battered and used unreasonable and excessive force against Plaintiff and thereby caused Plaintiff to sustain serious personal and physical injuries therefrom, and while Plaintiff was in their custody

14

care and control for over six (6) hours, Plaintiff continuously and repeatedly requested, begged and pleaded with same Defendants to provide to him, and/or to cause to be provided to him, timely, proper and/or adequate medical care/treatment and he repeatedly requested immediate medical care as he was in excruciating pain and was having difficulty breathing.

37.     That on or about June 28, 2017 and at all relevant times herein mentioned, despite knowing the foregoing and despite Plaintiff repeatedly begging for medical care, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" intentionally, and with deliberate indifference to and reckless disregard for Plaintiff's health, safety and life, denied and refused Plaintiff the medical care he needed for his injuries and intentionally waited for over six (6) hours after they assaulted and injured Plaintiff to finally seek medical care for him; thereby  subjecting Plaintiff to cruel and unusual punishment/inhumane treatment herein in violation of Plaintiff's Federal and State Constitutional rights.

38.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES", each individually and in their respective official capacities, each acting in concert with the other and each acting under the color of law, continued to unlawfully and intentionally deny/refuse/fail to provide Plaintiff with emergency medical care and/or with medical care/treatment that was timely, proper and/or adequate and further unlawfully subjected Plaintiff to cruel and unusual punishment/inhumane treatment as they intentionally, and with deliberate indifference to and reckless disregard for Plaintiff's health, safety and life, denied and refused Plaintiff the medical care he needed despite knowing of Plaintiff's serious physical injuries, including but not limited to, that Plaintiff's eye was

15

completely swollen shut, that he nose was visibly broken/disfigured, that his face/head was bloodied and bruised and that Plaintiff was having difficulty breathing.

39.     That on or about June 28, 2017 and at all relevant times herein mentioned, same Defendants intentionally, deliberately, maliciously, negligently, recklessly, carelessly, wantonly, with deliberate indifference to, with reckless disregard for and unlawfully assaulted, attacked, battered, struck, hit and used excessive and unreasonable force against Plaintiff in retaliation against Plaintiff from a prior contact same Defendants had with Plaintiff in or about April 2017.

40.     That in or about April 2017, Defendants RAMOS, VELEZ and "JOHN DOES" and "JANE DOES", each individually and in their respective official capacities, each acting in concert with the other and under the color of law, requested that Plaintiff become a confidential informant for Defendant NEW YORK CITY POLICE DEPARTMENT NARCOTICS BUREAU MANHATTAN NORTH—an offer/request that Plaintiff declined to same Defendants.

41.     That on or about June 28, 2017, when same Defendants approached Plaintiff at approximately 1:10 AM, Plaintiff did not initially recognize same Defendants as they were in plain clothes, as it was the late hours of the night and dark, and, as same Defendants did not identify themselves as New York City Police Officers.

42.     That on or about June 28, 2017, when Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" began grabbing Plaintiff,

16

dragging him to the ground and began their assault/battery against Plaintiff, Plaintiff then recognized Defendant MEJIA when same Defendant MEJIA stated to Plaintiff, in sum and substance: "You are going down this time, you are a persistent offender, you should have cooperated with us when you had the chance"—clearly telling Plaintiff that these Defendants herein were assaulting, battering and arresting Plaintiff in retaliation for Plaintiff declining to become their confidential informant back in April 2017.

43.     That on or about June 28, 2017, Defendants THE CITY OF NEW YORK, NYPD, and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH were/are further negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their police officers, detectives, officers and/or employees/agents and, specifically, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES", and, for failure to stop, prevent and/or intercede to prevent and/or stop Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" from assaulting, battering and using excessive force against Plaintiff and causing Plaintiff to be pushed, shoved, struck, punched, hit, beaten, assaulted, battered, forcibly restrained and to be seriously and physically injured therefrom; thereby directly and proximately causing Plaintiff to suffer and sustain damages and injuries including, but not limited to: a broken/fractured nose, swelling/bruising/lacerations/contusions to his face/head/forehead/left eye, swollen/swollen shut left eye, impaired/diminished/loss of vision, emotional distress, pain, anguish, fear, shock, cruel, unusual and inhumane treatment, excessive and unreasonable force and related damages/injuries in violation of Plaintiff's New York State and Federal Constitutional Rights.

44.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" intentionally, maliciously, recklessly and wantonly assaulted and battered Plaintiff using excessive and unreasonable force with deliberate indifference to and reckless disregard for Plaintiff's life, safety, health, medical needs and well being; each acting in concert with the other, each acting under the color of law and each acting in the scope of their employment with Defendants THE CITY OF NEW YORK, NYPD, and NEW YORK CTIY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH herein.

45.     That on or about June 28, 2017, over six (6) hours after Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" assaulted, battered and used excessive and unreasonable force against Plaintiff, causing Plaintiff to suffer serious physical injuries therefrom, and after over six (6) hours of same Defendants intentionally, maliciously and wantonly refusing, denying and failing to provide Plaintiff with necessary, required, proper, adequate and timely medical care, and, only after Plaintiff's medical/physical injuries/conditions worsened did an ambulance finally arrive at the precinct and transport Plaintiff to Bellevue Hospital where the Plaintiff was finally provided with emergency medical care for the serious physical injuries that Plaintiff suffered at the hands of same Defendants herein and for which it is anticipated that Plaintiff will need long term physical rehabilitation, long term medical care and/or surgery.

46.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendants   RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES", each of them individually and collectively, had a duty to provide, and/or to cause to

18

be provided, medical care for Plaintiff who was in their exclusive care, custody and control and who was seriously and physically injured while in their exclusive care, custody and control. That despite their individual and collective duty to Plaintiff, each of the foregoing Defendants, each individually and collectively, each acting in concert with the other and under the color of law, each with reckless disregard for and deliberate indifference to Plaintiff's safety, health, medical needs and life unlawfully denied, refused, failed to provide and/or delayed/prevented/hindered Plaintiff from receiving the medical care that he needed and required; thereby subjecting Plaintiff to further cruel and unusual punishment/inhumane treatment.

47. That on or about June 28, 2017, after assaulting, battering, and using excessive and unreasonable force against Plaintiff, while Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" were transporting Plaintiff in their police/squad car to the Precinct, Plaintiff repeatedly pleaded/begged same Defendants to transport him to the hospital but, instead, same Defendants continued to deny/refuse medical care to/for Plaintiff, transported him to the Precinct and placed him in a holding cell and forced Plaintiff to wait for over six (6) hours before an ambulance finally arrived to transport Plaintiff to the hospital; during all of this time, Plaintiff was having difficulty breathing, had a broken/fractured nose, had his left eye swollen shut, suffered contusions/bruises/lacerations to his head, face, and eye and was crying out in excruciating pain therefrom to these same Defendants.

48. That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants NYCHHC and NYCDOC denied/failed/refused to provide Plaintiff with adequate, timely and/or proper medical care for the injuries he

sustained on June 28, 2017 by Defendants RAMOS, MEJIA, MERCHAN, VELEZ, and "JOHN DOES" and "JANE DOES" as, upon discharge from Bellevue Hospital and transfer to and into the exclusive care, custody and control of Defendant NYCDOC on or about June 28, 2017, Plaintiff's the discharge instructions medically ordered/dictated/mandated that Plaintiff was to be seen/examined by a physician specializing in Ear, Nose and Throat (ENT) within one week of his June 28, 2017 discharge but, to date, despite Defendants NYCDOC and NYCHHC knowing of the foregoing, and despite knowing of and observing Plaintiff's serious physical injuries, including Plaintiff's broken nose, same Defendants refused, denied and/or failed, and continue to refuse, deny and fail, to bring/transport Plaintiff to an ENT for examination, assessment and/or treatment; thereby denying him the medical care he needs in violation of Plaintiff's Federal and State Constitutional rights herein.

49.    That since June 28, 2017 and continuing to present, Plaintiff has repeatedly requested of/from Defendants NYCDOC and NYCHHC, by way of requesting from Anna M. Kross Correctional facility in which Plaintiff is housed as an inmate, that he be given an appointment with an ENT to properly assess and treat his injuries sustained during the June 28, 2017 assault/battery as per the medical examination/orders of Bellevue Hospital but, despite Plaintiff's repeated requests, Defendants NYCDOC and NYCHHC have unlawfully continued to deny, refuse and/or fail to provide such medical care to Plaintiff, to present date, in violation of Plaintiff's Federal and State Constitutional Rights; thereby further subjecting Plaintiff to further cruel and unusual punishment/cruel and inhumane treatment herein.

20

50.     That since and as a result of his arrest on or about June 28, 2017 by Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES", and continuing to present date, Plaintiff is in the exclusive care, custody and control of Defendants THE CITY OF NEW YORK, NYCDOC, and NYCHHC as Plaintiff is an inmate and, as such, Plaintiff cannot avail himself of/to the medical care that he needs and requires and is under the control of Defendants NYCDOC and NYCHHC who unilaterally govern, decide and control whether or not Plaintiff will be provided with the medical care he needs and is entitled to.

51.     That from since on or about June 28, 2017 and continuing to present date, and at all relevant times herein mentioned, while Plaintiff has been and continues to be in the exclusive care, custody and control of Defendants NYCDOC and NYCHHC, Plaintiff has repeatedly requested of/from Defendants NYCDOC and NYCHHC that same Defendants provide him with the timely, proper and adequate medical care to treat the injuries he sustained from the June 28, 2017 assault/battery/excessive force including, but not limited to, medical care for his broken nose, swollen shut eye with loss of vision and for a follow-up with an ENT as per the medical discharge orders of/from Bellevue Hospital. That despite Plaintiff's repeated and continuing requests for medical care, Defendants NYCDOC and NYCHHC have refused, denied and failed to provide Plaintiff with same; thereby unlawfully seizing Plaintiff's person and unlawfully denying him the medical care he needs and is entitled to.

52.     That from on or about June 28, 2017 and continuing to present date, Defendants NYCDOC and NYCHHC with deliberate indifference to and reckless disregard for Plaintiff's health, safety, medical needs and life, have intentionally, maliciously,

recklessly, negligently, wantonly and/or deliberately denied Plaintiff, as an inmate in their exclusive care, custody and control, and failed to provide Plaintiff with the medical care that Plaintiff needs and is entitled to; thereby violating Plaintiff's Fourth, Eighth and Fourteenth Amendment Rights herein.

53. That at all relevant times herein mentioned, as a direct and proximate result of Defendants NYCDOC'S and NYCHHC'S actions, omissions, failures and denial/refusal/failure to provide Plaintiff with proper, timely and/or adequate medical care, Plaintiff has sustained and suffered, and continues to suffer, serious personal and physical injuries including, but not limited to: a fractured/broken nose, injuries to his eye including swelling and loss of vision, injuries to Plaintiff's head/nose/eye/face, emotional distress, pain, anguish, fear, and related injuries/damages therefrom.

54. That from on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants NYCDOC and NYCHHC were/are further negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their employees/agents, corrections officers, medical staff, medical personnel, medical doctors and nurses, named as "JOHN DOES" and "JANE DOES" herein as their identities are unknown to Plaintiff but known to Defendants, and are further negligent in failing to prevent, intercede and/or stop the aforementioned "JOHN DOES" and "JANE DOES" from denying and/or causing Plaintiff to be denied the medical care that he requested and continues to request, that he needs, that Bellevue Hospital ordered and that he is entitled to.

55. That at all relevant times herein mentioned, as a direct and proximate result of the unlawful acts/conduct/omissions/failures that were visited upon Plaintiff by the

22

Defendants herein, Plaintiff suffers and continues to suffer from serious and severe personal and physical injuries including, but not limited to: a broken/fractured nose, loss of vision/impaired vision, bruising/lacerations/swelling/bleeding to his face/head/eye area; pain and suffering, mental anguish, fear, emotional distress, unlawful denial of medical care and violation of Plaintiff's Federal and State Constitutional rights herein.

56.     That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, the actions, conduct, omissions and/or failures of all individual Defendants herein were performed under color of law, in concert with one another and within the scope of their employment and authority and, for those acts, Defendants THE CITY OF NEW YORK, NYPD, NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, NYCDOC, and NYCHHC are liable under the doctrine of *respondeat superior*.

57.     That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, the actions, conduct, failures and/or omissions by all of the Defendants herein were intentional, deliberate, malicious, negligent, reckless, careless, egregious, with deliberate indifference to and reckless disregard for Plaintiff's safety, life and health, and/or were wanton and violated Plaintiff's clearly established rights under the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States of America, are in violation of the Constitution and the laws of the State of New York, and, are the direct and proximate cause of the physical injuries, the psychological/emotional injuries and the other related damages/losses sustained and suffered by Plaintiff herein that Plaintiff continues to suffer to present date.

23

58.     That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, the actions, conduct, failures and/or omissions of all of the Defendants were intentional, malicious, reckless, deliberate, wanton, egregious and were with deliberate indifference to and reckless disregard for Plaintiff's rights, life, safety and health thereby giving rise to punitive damages as against all Defendants with the exception of the municipality.

59.     That at all relevant times herein mentioned, the physical, emotional and/or psychological consequences suffered and sustained by Plaintiff as a direct result of the Defendants' actions, conduct, failures and/or omissions continue to date and, upon information and belief, will continue into the future.

## DAMAGES

60.     By their actions, conduct, failures and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiff of his constitutional rights to be free from excessive and unreasonable force, assault, battery, seizure of his person and unlawful denial of medical care and further caused Plaintiff to incur, and to continue to incur, damages for medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

61.     As a direct and proximate result of the foregoing acts, conduct and/or omissions of all of the Defendants herein, the Plaintiff has suffered the following injuries and damages:

    a.      Violation of his rights under the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States; Article One, Section Twelve of the New York State Constitution and laws of the State of New York;

24

b.  Physical injuries, pain and suffering, extreme fear, emotional and psychological injuries, trauma, mental anguish, loss of enjoyment of life, emotional distress (both intentional and negligent);

c.  Damages pursuant to 42 U.S.C. §§1983, 1986 and 1988;

d.  Punitive damages (except against municipality);

e.  Compensatory damages; and

f.  Consequential damages.

## CAUSES OF ACTION

### COUNT I

**42 U.S.C. Section 1983—UNREASONABLE AND EXCESSIVE FORCE AGAINST DEFENDANTS THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, THE NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, RAMOS, MEJIA, MERCHAN, VELEZ AND "JOHN DOES" AND "JANE DOES".**

62.  Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint numbered "1" to "61" with the same force and effect as if more fully set forth herein.

63.  By their actions, conduct, failures and/or omissions, Defendants THE CITY OF NEW YORK, NYPD, NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES", each individually and collectively, acting under color of law and in the scope/furtherance of their employment, deprived Plaintiff of his Constitutional rights to be free from assault, battery, excessive and unreasonable force, cruel and unusual punishment, unlawful seizure and unlawful denial of/delay in providing medical care, by intentionally, maliciously and with deliberate indifference to human life, battering and/or

25

assaulting Plaintiff without justification and with unreasonable and excessive force; thereby causing injuries/damages including, but not limited to: fracturing/breaking Plaintiff's nose; causing swelling/bruising/lacerations to Plaintiff's head/face/forehead/left eye such that Plaintiff's left eye was swollen shut and his vision was subsequently impaired; loss of vision; fear;  emotional distress (both intentional and negligent); pain; anguish; cruel unusual and inhumane treatment and other damages in violation and deprivation of Plaintiff's Constitutional (State and Federal) and civil rights herein.

64.     By their actions, conduct, failures and/or omissions, these same Defendants, acting under color of law and in the scope of/furtherance of their employment, deprived Plaintiff of his constitutional rights to be free from assault, battery, excessive and unreasonable force, cruel and unusual punishment, unlawful seizure and unlawful denial/delay in providing medical care, and, further caused Plaintiff to incur, and to continue to incur, damages for medical expense and other related expenses and/or losses for which Plaintiff claims damages herein.

65.     That as a direct and proximate result of the Defendants' actions, conduct, omissions, failures and violation of Plaintiff's Constitutional and civil rights herein, Plaintiff has been injured/damaged and Plaintiff claims damages herein for the injuries set for above.

## COUNT II

### 42 U.S.C. Section 1983—FOURTH, EIGHTH AND FOURTEENTH AMENDMENT VIOLATIONS AGAINST ALL DEFENDANTS

66.     Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint numbered "1" to "65" with the same force and effect as if more fully set forth herein.

67.    All of the Defendants herein acting under color of law and in the scope of/in furtherance of their employment, deprived the Plaintiff of his Fourth, Eighth and Fourteenth Amendment rights to be free from assault, battery and cruel and unusual punishment and his Fourteenth Amendment rights to due process and equal protection under the law and to be free from the unlawful denial of medical care.

68.    That at all relevant times herein mentioned, the Defendants, under color of law, in the scope of their respective employment and authority and acting in concert with one another, deprived the Plaintiff of his Fourth and Eighth Amendment rights to be free from unlawful seizure of his person and to be free from cruel and unusual punishment and further deprived Plaintiff of his Fourteenth Amendment rights to be free from cruel and unusual punishment and his Fourteenth Amendment right to proper, timely and adequate medical care and treatment while he was an inmate in the Defendants' exclusive care, custody and control and, as such, was unable to avail himself of medical care and treatment outside of Defendants custody and control.

69.    That at all relevant times herein mentioned, each and every of the Defendants' retaliatory animus was expressed by their actions, conduct and/or omissions, individually and collectively, in intentionally and maliciously beating and/or assaulting Plaintiff without justification, by causing Plaintiff to sustain and suffer serious personal and physical injuries including, but not limited to: fracturing/breaking Plaintiff's nose; causing swelling/bruising/lacerations to Plaintiff's head/face/forehead/left eye such that Plaintiff's left eye was swollen shut and his vision was subsequently impaired; emotional distress (both intentional and negligent); pain; anguish; cruel, unusual and inhumane treatment in violation of Plaintiff's rights and deprivation of Plaintiff's liberty and other civil rights; causing

27

Plaintiff to incur, and to continue to incur, damages for medical expenses and other related expenses and/or losses for which Plaintiff claims damages herein; and, by unlawfully denying, refusing, delaying and/or failing to provide Plaintiff with medical care/treatment therefor.

70. That at all relevant times herein mentioned, the Defendants THE CITY OF NEW YORK, NYPD, NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, MEJIA, RAMOS, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" violated Plaintiff's Fourth, Eighth and Fourteenth Amendment rights to be free from unlawful seizure of his person, to be free from cruel and unusual punishment by assaulting, battering and using excessive force against Plaintiff without justification and by, thereafter, denying, refusing and failing to provide Plaintiff with the proper, timely and adequate medical care he needed including, but not limited to, failing to transport/transfer Plaintiff to the hospital on or about June 28, 2017 immediately following Defendants' RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" assault/battery of Plaintiff and by delaying same for more than six (6) hours despite Plaintiff's repeated pleas for medical care, despite Plaintiff's serious physical injuries, despite Plaintiff crying out in pain and despite Plaintiff having difficulty breathing.

71. Defendants THE CITY OF NEW YORK, NYPD, NYCDOC, and NYCHHC further violated Plaintiff's Fourth, Eighth and Fourteenth Amendment rights by denying, refusing and/or failing to provide Plaintiff with timely, proper and/or adequate medical care for his serious physical injuries from on or about June 28, 2017 and continuing to present while Plaintiff has been, and continues to be and inmate in Defendants' exclusive care,

custody and control and while Plaintiff, as such, cannot avail himself of medical care including of an outside medical provider, hospital, Emergency Room, doctor and/or facility.

72. That the Defendants' foregoing conduct, actions, failures, omissions, negligence, intentional acts/omissions, medical malpractice, recklessness, reckless disregard for and/or deliberate indifference to Plaintiff and to his life, safety, health and well being, as set forth in detail above, was motivated by retaliatory/retributive intentions against Plaintiff based upon his previous refusal to accept an offer to work as a confidential informant for Defendants NYPD, NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" and was based upon Defendants' desire to injure, oppress, threaten, frighten, harass and intimidate Plaintiff in retaliation for same. The conduct, actions, omissions and failures to the Defendants, and as further motivated by a racial animus and by a reckless disregard for and deliberate indifference to Plaintiff's State and Federal Constitutional rights, his civil rights, his Fourth, Eighth, and Fourteenth Amendment rights and his rights as a detainee and/or inmate in the exclusive care, custody and control of the Defendants herein.

73. That the Defendants' foregoing conduct, actions, failures, omissions, negligence, intentional acts/omissions, medical malpractice, recklessness, reckless disregard for and/or deliberate indifference to Plaintiff and to his life, safety, health and well being was designed and/or intended to unlawfully and unreasonably seize the person of Plaintiff against his will and to deprive him of his Constitutional rights by assaulting Plaintiff; by battering Plaintiff; by using excessive force against Plaintiff; by denying him the proper/adequate/timely medical care to treat his serious physical injuries; by

denying/refusing to transport/transfer Plaintiff to an outside hospital/facility/doctor/emergency room to receive the proper, timely and adequate medical care he needed including, but not limited to, failing to transport/transfer Plaintiff to the hospital on or about June 28, 2017 immediately following Defendants' RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" assault/battery of Plaintiff and by delaying same for more than six (6) hours despite Plaintiff's repeated pleas for medical care, despite Plaintiff timely/proper/adequate medical care/treatment; and, by otherwise denying him the timely, proper and adequate medical care that he requested and that he medically needed/required given the serious medical conditions/illnesses/ailments/symptoms from which he was suffering and about which he presented/complained to the Defendants and for which he demanded medical treatment.

74.     That at all relevant times herein mentioned, the Defendants' actions, conduct, failures, omissions, negligence, medical recklessness, reckless disregard for and deliberate indifference to Plaintiff's rights, life, safety and health violated and continue to violate Plaintiff's Fourth, Eighth and Fourteenth Amendment rights to be free from unlawful seizure of his person, to be free from cruel and inhumane treatment, to be free from cruel and unusual punishment, to be free from the unlawful refusal, denial, delay and/or failure to provide Plaintiff with proper, timely and adequate medical care and treatment while he is and has been in the Defendants' exclusive care, custody and control; as well as, his Fourteenth Amendment rights to due process and equal protection of the law.

75.     That at all relevant times herein mentioned, each and every of the Defendants' retaliatory/retributive animus/bias against Plaintiff was expressed by their acts/conduct/actions/omissions/failures, both individually and collectively, in intentionally,

30

maliciously, wantonly, recklessly, negligently, grossly negligently, with reckless disregard for and/or with deliberate indifference to Plaintiff's serious medical conditions/injuries/complaints from which the Defendants knew he was suffering and for which he was requesting medical care/treatment, and, to Plaintiff's life, safety, health, well being and/or physical health/safety; thereby violating Plaintiff's rights by denying him the timely, proper and adequate medical care that he requested and that he medically needed/required while Plaintiff was in the exclusive care, custody and control of Defendants herein.

76.     That at all relevant times herein mentioned, the Defendants' assault, battery and use of excessive force against Plaintiff and Defendants' continuing and repeated denials of the proper, timely and adequate medical care to/for Plaintiff so as to allow/cause him to continue to suffer from the serious medical conditions/injuries/ailments/illnesses/symptoms as set forth in detail above including, but not limited to, Defendants' continued refusal/failure to provide Plaintiff with treatment for his broken/fractured nose despite same being medically ordered as necessary treatment and their failure to transport, or cause Plaintiff to be transported, to an outside Emergency Room/hospital/doctor/medical facility, constitute cruel and unusual punishment and further constitute unlawful seizure of his person—thereby violating Plaintiff's Fourth, Eighth and Fourteenth Amendment rights herein.

77.     That at all relevant times herein mentioned, as a direct and proximate result of the foregoing, Defendants caused Plaintiff to sustain and suffer serious personal, psychological, emotional and physical injuries including, but not limited to: a broken/fractured nose; swelling/bruising/lacerations to Plaintiff's head/face/forehead/left

31

eye such that Plaintiff's left eye was swollen shut; loss of vision; diminished vision; impaired vision; emotional distress (both intentional and negligent); pain, anguish, shock, cruel and unusual and inhumane treatment and other related injuries/damages in violation of Plaintiff's Constitutional rights and in deprivation of Plaintiff's liberty and other civil rights herein.

78.     That as a direct and proximate result of all of the foregoing, Plaintiff claims damages herein.

**COUNT III**

**42 U.S.C. Section 1983—CONSPIRACY**
**AGAINST ALL DEFENDANTS**

79.     Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint numbered "1" through "78" with the same force and effect as if more fully set forth at length herein.

80.     That on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, the individual Defendants herein, acting under color of law and in the scope of their respective employment, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass, intimidate, beat, batter and/or assault the Plaintiff and to deny him the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution including, but not limited to, the rights to be free from cruel and unusual punishment and to be free from unreasonable and excessive force.

81.     That on or about June 28, 2017 and at all relevant times herein mentioned, the individual Defendants herein, acting under color of law and in the scope of their

employment, conspired with each other to undertake a course of conduct to intentionally and maliciously beat, batter and/or assault Plaintiff without justification, causing Plaintiff to sustain, suffer and continue to suffer from injuries/damages including, but not limited to: a fractured/broken nose; swelling/bruising/lacerations to Plaintiff's head/face/forehead/left eye such that Plaintiff's left eye was swollen shut; impaired vision; diminished vision; lost vision; emotional distress (both intentional and negligent); pain; anguish; cruel, unusual and inhumane treatment in violation of Plaintiff's rights; deprivation of Plaintiff's liberty and other civil rights; medical expenses, and, other related damages and/or losses for which Plaintiff claims damages herein, thereby violating Plaintiff's Constitutional rights including the right to due process, the right to be free from cruel and unusual punishment, the right to be free from excessive and unreasonable force, the right to medical care and the right to equal protection of the law.

82.    That at all relevant times herein mentioned, as a direct and proximate result of all of the foregoing, Plaintiff claims damages for the injuries set forth above.

## COUNT IV

### 42 U.S.C. Section 1983—SUPERVISORY LIABILITY

83.    Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint numbered "1" through "82" with the same force and effect as if more fully set forth at length herein.

84.    That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, the Defendants herein had a duty to supervise, manage, control,

33

oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to oversee the actions/conduct of each other.

85. That on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, the Defendants THE CITY OF NEW YORK, NYPD, and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH were, at all relevant times herein, responsible for the employing, hiring, training, instructing, supervising, managing, controlling, overseeing, retaining and/or disciplining of each and every New York City Police Department Officer and, in particular, of Defendant RAMOS, Defendant MEJIA, Defendant MERCHAN, Defendant VELEZ, and Defendants "JOHN DOES" and "JANE DOES".

86. The Defendants, THE CITY OF NEW YORK, the NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH were, at all relevant times herein, responsible for the employing, hiring, training, instructing, supervising, managing, controlling, overseeing, retaining and/or disciplining of Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" who intentionally and maliciously battered, kicked, punched, beat and/or assaulted Plaintiff causing Plaintiff to sustain and suffer, and continue to suffer, a broken/fractured nose; swelling/bruising/lacerations to Plaintiff's head/face/forehead/left eye that resulted in Plaintiff's left eye swelling shut; lost vision; diminished vision; impaired vision; emotional distress (both intentional and negligent); pain; anguish; cruel, unusual and inhumane treatment; and, who further failed/refused to provide and/or delayed in providing Plaintiff with the proper, timely and/or adequate medical care that he needed, required, requested, was medically ordered and that he is entitled to herein; thereby violating Plaintiff's

34

Constitutional rights and causing Plaintiff to incur, and to continue to incur, damages and other related losses for which Plaintiff claims damages herein.

87.     That on or about June 28, 2017, and at all relevant times herein mentioned, the Defendants knew, and/or in the exercise of due diligence and/or their duty would have known, that the conduct/actions/failures/omissions of Defendants RAMOS, MEJIA, MERCHAN, VELEZ, and "JOHN DOES" and "JANE DOES" would likely occur.

88.     That on or about June 28, 2017, and at all relevant times herein mentioned, the Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and malicious use of excessive force, assault and battery against Plaintiff; to prevent the unlawful, intentional, malicious, wanton, reckless and deliberate denial of medical care to Plaintiff; and, to prevent the violation of the Constitutional rights of the Plaintiff. Had the Defendants taken appropriate action and/or exercised their duty in a reasonable and not in a negligent and/or intentional, malicious, wanton or reckless manner, the violation of Plaintiff's Constitutional rights would not have occurred herein.

88.     That on or about June 28, 2017 and at all relevant times herein mentioned, the failure of the Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, in failing to screen, supervise, train, manage, control, oversee and/or discipline Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" herein, directly and proximately caused injury and damages to the Plaintiff.

89.     That on or about June 28, 2017 and at all relevant times herein mentioned, by their conduct/actions/failures/omissions under color of law and in their supervisory positions, the Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY

POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH deprived Plaintiff of his Constitutional rights including, but not limited to, the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to be free from assault and battery, the right to medical care, the right to equal protection under the law and the right to due process.

90.     That on or about June 28, 2017 and at all relevant times herein mentioned, by their conduct/actions/omissions under color of law and in their supervisory positions, Defendant MEJIA, as a Sergeant of/with the NYPD and Defendant MERCHAN, as a Detective with the NYPD, as supervisors of/over Defendants RAMOS, VELEZ, and "JOHN DOES" and "JANE DOES" deprived Plaintiff of his Constitutional rights including, but not limited to, the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to be free from assault and battery, the right to medical care, the right to equal protection under the law and the right to due process—an unlawful deprivation and violation of Plaintiff's rights which directly and proximately caused injury and damages to Plaintiff herein.

91.     That on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, Defendant MEJIA, as a NYPD Sergeant is/was a supervisor who participated in the arrest of, unlawful assault and battery of, excessive use of force against, and unlawful denial of medical care to Plaintiff and is/was responsible for the training, instructing, supervising, managing, controlling, governing, overseeing and/or discipling of his subordinates herein, to wit: Defendants RAMOS, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" who also, along with Defendant MEJIA, intentionally and maliciously battered, kicked, punched, hit, struck, beat and/or assaulted Plaintiff causing

Plaintiff to sustain and suffer personal and physical injuries/damages including, but not limited to: a broken/fractured nose; swelling/bruising/lacerations to Plaintiff's head/face/forehead/left eye that resulted in Plaintiff's left eye swelling shut; lost vision; diminished vision; impaired vision; emotional distress (both intentional and negligent); pain, anguish; shock; cruel, unusual and inhumane treatment and, who also, unlawfully denied/refused Plaintiff medical care for same injuries in violation of Plaintiff's Constitutional rights herein.

92.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant MEJIA knew, and/or in the exercise of due diligence and/or his duty would have known, that the conduct/actions/failures/omissions of himself and of Defendants RAMOS, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" would likely occur herein.

93.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant MEJIA as a Sergeant and a supervisor herein, failed to take preventive and/or remedial measures to guard against and/or prevent and/or stop the unlawful, intentional, wanton, reckless and malicious use of excessive force and assault and battery against Plaintiff, and failed to prevent the unlawful, intentional, wanton, reckless and malicious denial of medical care to Plaintiff; thereby failing to prevent, stop and/or guard against the violation of the Constitutional rights of the Plaintiff. That had Defendant MEJIA taken appropriate action and/or exercised his duty in a reasonable and not in a negligent, intentional, malicious, wanton and/or reckless manner, the violation of Plaintiff's constitutional rights would not have occurred.

94.     That at all relevant times herein mentioned, the failure of Defendant MEJIA in failing to supervise, train, manage, control, oversee, govern and/or discipline Defendants

37

RAMOS, MERCHAN, VELEZ, and "JOHN DOES" and "JANE DOES" herein directly and proximately caused injury and damages to Plaintiff.

95.     That    at    all    relevant    times    herein    mentioned,    by    his conduct/actions/failures/omissions under color of law, in the scope of his employment and in his supervisory position as Sergeant, Defendant MEJIA deprived Plaintiff of his Constitutional rights including, but not limited to: the right to be free from excessive and unreasonable force; the right to be free from assault and battery; the right to be free from cruel and unusual punishment; the right to be free from the denial/refusal of medical care; the right to equal protection under the law and the right to due process—deprivations and unlawful violations of which directly and proximately caused the injuries and damages to Plaintiff herein.

96.     That on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, Defendant MERCHAN, as a NEW YORK CITY POLICE DEPARTMENT DETECTIVE was/is a supervisor who participated in the arrest of, unlawful assault and battery of, excessive use of force against and denial/refusal of medical care to Plaintiff and, was/is responsible for the training, instructing, supervising, managing, controlling, overseeing, governing and/or disciplining of Defendants MEJIA, RAMOS, VELEZ and "JOHN DOES" and "JANE DOES" herein who, along with Defendant MERCHAN, intentionally, wantonly, recklessly and maliciously battered, kicked, hit, struck, punched, beat and/or assaulted Plaintiff causing Plaintiff to sustain and suffer injuries/damages    including,    but    not    limited    to:    a    broken/fractured    nose; swelling/bruising/lacerations to Plaintiff's head/face/forehead/left eye that resulted in Plaintiff's left eye swelling shut; lost vision; diminished vision; impaired vision; emotional

distress (both intentional and negligent); pain; anguish; shock; cruel, unusual and inhumane treatment; and, who also unlawfully denied/refused Plaintiff medical care for same injuries in violation of Plaintiff's Constitutional rights herein.

97.     That on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, Defendant MERCHAN knew, and/or in the exercise of due diligence and/or his duty would have known, that the conduct/actions/failures/omissions of himself and of Defendants RAMOS, MEJIA, VELEZ and "JOHN DOES" and "JANE DOES" would likely occur herein.

98.     That on or about June 28, 2017 and at all relevant times herein mentioned, Defendant MERCHAN failed to take preventive and/or remedial measures to guard against and/or to prevent and/or to stop the unlawful, intentional, wanton, reckless and malicious use of excessive force and assault and battery against Plaintiff, and, to prevent the unlawful, intentional, wanton, reckless, and malicious denial of medical care to Plaintiff; therey failing to prevent, stop and/or guard against the violation of the Constitutional rights of the Plaintiff. That had Defendant MERCHAN taken appropriate action and/or exercised his duty in a reasonable and not in a negligent, intentional, malicious, wanton and/or reckless manner, the violation of Plaintiff's constitutional rights would not have occurred.

99.     That at all relevant times herein mentioned, the failure of Defendant MERCHAN in failing to supervise, train, manage, control, oversee, govern and/or discipline Defendants RAMOS, MEJIA, VELEZ and "JOHN DOES" and "JANE DOES" herein directly and proximately caused injury and damages to Plaintiff.

100.     That    at    all    relevant    times    herein    mentioned,    by    his conduct/actions/failures/omissions under color of law, in the scope of his employment and in

his supervisory position as Detective, Defendant MERCHAN deprived Plaintiff of his Constitutional rights including, but not limited to: the right to be free from excessive and unreasonable force; the right to be free from assault and battery; the right to be free from cruel and unusual punishment; the right to be free from the denial/refusal of medical care; the right to equal protection under the law and the right to due process—deprivations and unlawful violations which directly and proximately caused the injuries and damages to Plaintiff herein.

101.    That as a direct and proximate result of all of the foregoing, Plaintiff claims damages for the injuries set forth above.

**COUNT V**

**42 U.S.C. Section 1983-MONEL CLAIM**

102.    Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint "1" through "101" with the same force and effect as if more fully set forth at length herein.

103.    Prior to June 28, 2017, Defendants THE CITY OF NEW YORK, NYPD, and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, through their official policy-makers, developed and maintained policies, practices and/or customs exhibiting reckless disregard for and deliberate indifference to the Constitutional rights of its citizens; the very policies, practices and/or customs which caused the violation of Plaintiff's Constitutional rights herein.

104.    That on or about June 28, 2017 and at all relevant times herein mentioned, it was the policy, practice and/or custom of Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH to

inadequately and improperly investigate the civilian complaints of police officers' misconduct including allegations of excessive force, assault, battery and/or denial of medical care. Instead, acts of racism, retaliation, deliberate indifference, recklessness and harassment were tolerated by Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, and, these Defendants have substantially failed to investigate and intentionally, with deliberate indifference and reckless disregard, have failed to discipline police officers like Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" that violated the Constitutional rights of citizens.

105. That prior to June 28, 2017 and continuing to present and at all relevant times herein mentioned, Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH knew of their policies, practices and/or customs of their systemic failure to properly and adequately investigate civilian complaints of police officers' misconduct as these Defendants have been sued for years for failing to protect/prevent/stop and/or adequately discipline officers for the use of excessive and/or unlawful force including, but not limited to, the following lawsuits:

a. Baldwin Almanzar v. City of New York et. al (SDNY 2014): City sued and case settled for City's/Officers intentional assault/battery/use of excessive force against Plaintiff such that Plaintiff suffered serious physical injuries to his knee, foot and/or leg.

b. Gordon v. City of New York et. al. (EDNY 2015): City sued and case settled for City's/Officers intentional assault/battery/use of excessive force against Plaintiff such that Plaintiff suffered serious physical injuries and broken bones to his hands/arms/elbows.

c.      Garner v. City of New York et. al.: City settled claim prior to filing of lawsuit for City's/Officers intentional assault/battery/use of excessive force against Plaintiff such that Plaintiff was placed in an unlawful chokehold by an NYPD Officer, resulting in Plaintiff's death.

105.    That on or about June 28, 2017 and at all relevant times herein mentioned, it was the policy, practice and/or custom of Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH to inadequately and improperly screen and hire police officers who are known, or with reasonable diligence should/would be known, to possess violent, abusive, reckless, wanton, malicious and/or retaliatory propensity, and/or, the propensity to batter, assault and/or use excessive force against citizens, and/or, to deny citizens their right to medical care.  Here, these Defendants have substantially failed to screen and reject such officers like Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES".

106.    That on or about June 28, 2017 and at all relevant times herein mentioned, it was the policy, practice and/or customs of the Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH to inadequately and improperly train and supervise police officers who are known, or with reasonable diligence should/would be known, to be actively engaged in misconduct by, among other actions/omissions, failing to investigate and punish improper/unlawful conduct of police officers, thereby failing to discourage Constitutional violations on the part of its officers, such as those visited upon the Plaintiff as set forth herein.

107.    Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH have been on notice for years that retaliation, abuse, harassment, assault, battery, use of excessive force, denial of medical care, recklessness, deliberate indifference and/or violations of citizens' Constitutional rights are widespread and that particular reforms need to be implemented.

108.    That prior to June 28, 2017 and continuing to present and at all relevant times herein mentioned, that Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH knew of the custom, practice and/or policy of their systemic failure/refusal to provide proper, timely and/or adequate medical care to arrestees/detainees like Plaintiff as these Defendants have been sued for years for failing to provide detainees/arrestees with timely, proper and/or adequate medical care with serious illness, injury and even death resulting therefrom.

109.    That prior to June 28, 2017 and continuing to present and at all relevant times herein mentioned, it was/is the policy and/or custom of Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH to inadequately screen, hire, train, supervise, manage, control, oversee and/or discipline their officers including those named herein as Defendants, thereby failing to discourage Constitutional violations on the part of their officers, such as those visited upon Plaintiff as set forth herein.

110.    That prior to June 28, 2017 and continuing to present and at all relevant times herein mentioned, Defendants THE CITY OF NEW YORK, NYPD and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, as a matter

of policy, custom and/or practice, have, with deliberate indifference and reckless disregard, failed to adequately screen for hiring and retention and failed to discipline, train or otherwise supervise officers concerning the rights of citizens; thereby causing the Defendant officers in this case to engage in the unlawful actions, conduct, failures and/or omissions against the Plaintiff as described herein.

111.    That prior to in or about June 2017 and continuing to present and at all relevant times herein mentioned, Defendants THE CITY OF NEW YORK, NYCDOC and NYCHHC, through their official policy-makers, developed, created, facilitated, encouraged, enabled and/or maintained policies, practices and/or customs exhibiting deliberate indifference to and/or reckless disregard for the lives, safety, health, physical health, physical safety, well-being, medical needs and/or Constitutional rights of inmates, including Plaintiff herein, who, based upon his incarceration with the NYCDOC, was and still is under the exclusive care, custody and control of said Defendants; the very policies, practices and/or customs which caused the violation of Plaintiff's Constitutional rights herein which directly and proximately caused injury and damages to Plaintiff herein.

112.    That prior to in or about June 2017 and continuing to present and at all relevant times herein mentioned, Defendants THE CITY OF NEW YORK, NYCDOC and NYCHHC have, as a matter of policy, through their custom and/or practice, with deliberate indifference and reckless disregard, failed to adequately screen for hiring and retention and failed to discipline, train or otherwise supervise and control their corrections officers, doctors, nurses, medical staff, medical personnel and/or medical employees, including those named herein as Defendants "JOHN DOES" and "JANE DOES" herein, and, have failed to take remedial, corrective or preventive measures to safeguard the rights, lives, safety, health,

physical health, medical needs and well-being of inmates that are in their exclusive care, custody and control; thereby causing, allowing, encouraging, facilitating and permitting the Defendants herein to engage in the unlawful conduct against Plaintiff herein including, but not limited to, these Defendants' unlawful, denial, refusal and failure to provide Plaintiff with medical care, treatment and/or services, which continues to be denied, refused and not provided to Plaintiff to present date in violation of Plaintiff's Constitutional rights herein.

113.    That at all relevant times herein mentioned, the foregoing acts, omissions, conduct, failures, recklessness, wantonness, negligence, malicious intentional acts, systemic deficiencies, reckless disregard and/or deliberate indifference to the danger of harm by these Defendants to detainees and/or inmates like Plaintiff herein, and, the need for supplemental or different training, discipline, policies, practices and/or customs of the Defendants, their officers, doctors, nurses, medical staff, medical personnel and/or employees, including those named herein as Defendants, have caused them, including the individually named Defendants herein, to believe that they can violate the rights of inmates in their exclusive care, custody and control with impunity; foreseeably allowing them to violate the Constitutional rights of inmates and to endanger their lives, safety, health, physical health, medical needs and well-being as these acts/conduct/omissions/failures continued to occur and exist and continued to be perpetuated, facilitated, maintained and enabled by these Defendants in violation of the State and Federal Constitution.  These Defendants further tolerated, encouraged, facilitated, fostered and maintained these unlawful violations of the Constitutional rights of inmates like Plaintiff herein as these Defendants failed to discipline, failed to correct and/or failed to punish their officers, doctors, nurses, medical staff and/or employees herein.

114. That prior to June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants were aware of and had notice of these deficiencies, these violations of inmates' rights and the intentional and negligent failure of and by the Defendants herein to ensure and provide inmates and/or detainees like Plaintiff herein with the proper, timely and/or adequate medical care they needed, requested and required. That these problems and violations of inmates/detainee's rights in failing to tend to and treat same inmates/detainees' medical needs were so widespread and pervasive prior to in or about June 2017, continuing to present, that the Defendants knew about same, should have known about same, failed to address or correct same and, instead, with reckless disregard for and deliberate indifference to the lives, safety, health and medical needs of the inmates in their exclusive care, custody and control, allowed same to continue, allowed same to persist and allowed same to worsen; thereby causing serious injury, health, medical emergencies and even death to inmates/detainees in their exclusive care, custody and control.

115. That Defendants THE CITY OF NEW YORK, NYCDOC and NYCHHC, knew of their policies, practices and/or customs of their systemic failure/refusal to provide proper, timely and/or adequate medical care to inmates like Plaintiff as these Defendants have been sued for years for failing to provide inmates with timely, proper and/or adequate medical care with serious illness, injury and even death resulting therefrom including, but not limited to, the following lawsuits:

a. Yardley Rogers v. City of New York et al. (EDNY 2012): City sued and case settled for City's intentional failure to provide Plaintiff with medical care for his medical disease that causes Plaintiff's muscles and organs to shut down, of which the City was

46

aware, and instead of providing said care, kicked him out of the Infirmary and stopped providing medical care;

b.      Roberto Rodriguez v. City of New York et al. (SDNY 2014): City sued and case settled for claims including intentional failure to provide required medical care to Plaintiff who broke his leg/foot on Rikers Island and forced him to walk on broken foot/leg without medical treatment for over a week;

c.      Troy Siddons et al. v. City of New York et al. (EDNY 2015): City sued and case settled for claims including intentional failure to provide proper, timely and adequate medical care to 23 inmates who were fed rat poison in their lunches while on lockdown.

116.    That at all relevant times herein mentioned, as a direct and proximate result of the Defendants' deliberate indifference to and reckless disregard for Plaintiff, as a detainee and an inmate in their exclusive care, custody and control, and Plaintiff's life, safety, health and/or medical needs, Defendants, their agents, servants, employees, medical staff, medical employees, officers, corrections officers and independent medical contractors violated Plaintiff's Constitutional rights and caused Plaintiff to suffer serious harm and injury therefrom.

117.    That at all relevant times herein mentioned, Defendants' acts/conduct/failures/omissions were performed and were enabled to be performed pursuant to a custom and practice that, while not formally approved in writing by Defendants, nonetheless, have been adopted and practiced as a practice and custom as same acts/conduct/failures/omissions are so widespread so as to have the force of law and, as such, Defendants THE CITY OF NEW YORK and NYCHHC are liable herein for same.

118.     That at all relevant times herein mentioned, Defendants THE CITY OF NEW YORK and NYCHHC are liable herein as the facts pleaded herein set forth that as a municipality and municipal agency/entity/subsidiary, THE CITY OF NEW YORK and NYCHHC, despite being aware of the widespread problems complained of herein, nonetheless, have demonstrated and/or exercised deliberate indifference to and reckless disregard for known unlawful actions/conduct/omissions/failures of their employees/agents that caused or led to the injury of a citizen such as Plaintiff was caused to suffer herein.

119.     That at all relevant times herein mentioned, the need to take some action was so obvious and the inadequacy of Defendants THE CITY OF NEW YORK'S and NYCHHC'S existing practice is so likely to result in violation of one's Constitutional rights as occurred to Plaintiff herein, and, as such, Defendants THE CITY OF NEW YORK and NYCHHC are liable for being deliberately indifferent to and having reckless disregard for to the need pursuant to §1983 herein.

120.     That at all relevant times herein mentioned, the toleration of an employee's or subordinate's behavior/conduct, as occurred herein with Defendants' unlawful conduct and Defendants' acceptance, fostering, perpetuating, facilitating and enabling of same herein, establishes a "policy-in-practice" for which Defendants THE CITY OF NEW YORK and NYCHHC are liable, and, are further liable for failing to train their employees, including the individually named Defendants herein, and by failing to do so despite the known need for same; therey evidencing deliberate indifference to and reckless disregard for the rights of citizens including those of Plaintiff herein.

121.     That at all relevant times herein mentioned, despite knowing of the foregoing need, Defendants took no action, remedial, corrective, investigative, disciplinary or

otherwise, in response thereto thereby allowing Defendants to intentionally deny, refuse and/or delay timely, proper and/or adequate medical care/treatment to Plaintiff herein.

122.   That   at   all   relevant   times   herein   mentioned,   all   of   the acts/conduct/failures/omissions of all of the Defendants complained of herein, including, but not limited to, the acts of the individually named Defendants herein, were committed by the Defendants herein while on duty, while within the scope of their employment, while acting under color of law and while acting in concert with one another and in furtherance of their business/employment and, as such, Defendant THE CITY OF NEW YORK need not have foreseen the exact act or manner of the Plaintiff's injuries as, where general foreseeability exists as it so exists herein, then even the intentional torts of the individually named Defendants herein fall within the scope of their respective employment for which Defendant THE CITY OF NEW YORK is liable herein.

123.   That prior to in or about June 2017 and continuing to present, and at all relevant   times   herein   mentioned,   Defendants   and   their agents/servants/employees/contractors/licensees,   through   their   official   policy-makers developed, created, facilitated, encouraged, enabled and/or maintained policies, unwritten policies through practice and custom, practices and/or customs exhibiting deliberate indifference to and/or reckless disregard for the lives, safety, health, physical health, physical safety, well being, medical needs, medical treatment and/or Constitutional rights of detainees and/or inmates, including the Plaintiff herein who, based upon his arrest, detention and subsequent incarceration with/in the NYCDOC was, at all relevant times herein mentioned, in/under the exclusive care, custody and control of THE CITY OF NEW YORK, NYPD, NYCDOC and/or NYCHHC and their agents, servants, licensees, employees, police

49

officers, corrections officers, doctors, nurses, medical staff, and medical personnel; the very policies, practices and/or customs which caused the violation of Plaintiff's Constitutional rights herein which directly and proximately caused Plaintiff's injuries and damages herein.

124.   That prior to June 28, 2017 and continuing to present and at all releavent times herein mentioned, it was the policy, practice and/or custom of Defendants and of their agents/servants/employees/contractors/licensees to inadequately and/or improperly investigate the civilian complaints of corrections officers' and/or NYCDOC'S or NYCHHC'S medical staff/personnel's misconduct including, but not limited to, complaints/allegations: of denial of proper, timely, adequate medical care/treatment; denial of being transported to an outside hospital/facility/doctor/emergency room for timely, proper and/or adequate medical care/treatment; denial of medical care/treatment; retaliatory/retributive animus/bias; bias/animus against inmate(s)/detainee(s) based on the individual's exercise of his/her right to refuse to cooperate as an informant for law enforcement, based upon his right to complain about the denial of/refusal to provide medical care including those such instances that lead to inmate injury as in the case of Plaintiff herein.   Instead, acts of deliberate indifference, reckless disregard, maliciousness, wantonness, recklessness, negligence, gross negligence, medical malpractice, reckless endangerment and/or harassment were tolerated by said Defendants herein; thereby creating a custom, practice and/or policy through custom and practice, of Defendants to violate the Constitutional rights of detainees/inmates such as Plaintiff herein.

125.   That at all relevant times herein mentioned, that the foregoing Defendants have substantially failed to investigate, and, intentionally, recklessly, with reckless disregard for and deliberate indifference to the life, safety, health and medical needs of

detainees/inmates like Plaintiff herein, failed to discipline their police officers, corrections officers and/or medical staff/personnel that violated the Constitutional rights of inmates/arrestees/detainees like Plaintiff herein that were/are by virtue of his arrest/detention/incarceration, in the exclusive care, custody and control of same Defendants.

126.    That prior to on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, it was the policy, practice and/or custom of the Defendants and their agents/servants/employees/contractors/licensees to inadequately and/or improperly screen and hire corrections officers, police officers and/or medical staff/personnel who are known, or with reasonable diligence should/would be known, to possess violent, abusive, reckless, deliberate indifference, negligent, malicious, harassing, wanton, egregious, unlawful, discriminatory and/or retaliatory propensity, and/or, the propensity to deny inmates/arrestees/detainees like Plaintiff herein the medical care/treatment and/or to deny inmates/arrestees/detainees like Plaintiff herein timely/proper/adequate medical care/treatment.

127.    That at all relevant times herein mentioned, the Defendants herein have substantially failed to screen and reject such police and/or corrections officers and medical personnel/medical staff/medical employees and, instead, hired, employed, retained, failed to supervise, failed to train, failed to monitor, failed to oversee, failed to control and/or failed to discipline them including the individually named "JOHN DOES" and "JANE DOES" Defendants named herein.

128.    That prior to on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, it was the policy, practice and/or customs of Defendants

and their agents/servants/employees/contractors/licensees to inadequately and/or improperly train and supervise their corrections officers, police officers, medical personnel and/or medical staff, who are known, or with reasonable diligence should/would be known, to be actively engaged in misconduct, negligence, intentional failures, medical malpractice, violation of inmates/arrestee/detainees' rights, excessive force, assault, battery and those other violations such as those visited upon Plaintiff herein by, among other actions, failing to investigate and punish/discipline the improper/unlawful conduct their police and corrections officers, medical staff, medical personnel and/or medical employees; thereby failing to discourage Constitutional violations and establishing a custom, practice and policy by custom and practice, to violate the Constitutional rights of citizens like Plaintiff herein.

129. That prior to on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, it was the policy, practice and/or customs of Defendants and their agents/servants/employees/contractors/licensees to violate inmates/arrestees/detainees' rights like those rights of Plaintiff violated by Defendants herein by their: denial of proper, timely, adequate medical care/treatment; denial of transporting an inmate/arrestee/detainee to an outside hospital/facility/doctor/emergency room for timely, proper/adequate medical care/treatment; denial of medical care/treatment; denial of performing diagnostic testing; denial of performing tests to ascertain, diagnose and treat medical conditions/injuries; retaliatory animus/bias; unlawful excessive force; assault; battery, and, refusal to provide medical care to inmates/arrestees/detainees in their exclusive care, custody and control as was Plaintiff herein.

130. That prior to on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, it was the policy, practice and/or customs of Defendants

and their agents/servants/employees/contractors/licensees to violate inmates/arrestees/detainees' rights as they did to Plaintiff herein including violating their Constitutional rights to be free from unlawful seizure of his person, to be free from cruel and unusual punishment, to be free from cruel and inhumane treatment, to be free from excessive force, to be free from assault and battery, to be free from denial of medical care, to receive medical care/treatment, to receive proper/timely/adequate medical care/treatment, to due process, to the benefits/services/activities/programs (including medical services/care), and, to equal protection under the law.

131.    That prior to on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, it was the policy, practice and/or customs of Defendants and their agents/servants/employees/contractors/licensees to fail to and/or improperly and/or inadequately fire, instruct, train, re-train, supervise, monitor, oversee, control, suspend, place on probation, govern, terminate and/or otherwise punish/discipline their corrections officers, police officers, and/or doctors, nurses, medical staff, medical employees and/or medical personnel; to fail to and/or improperly and/or inadequately investigate complaints; to fail to take corrective/preventive/remedial measures about the medical services/treatment provided or lack thereof; and to fail to and/or improperly/inadequately investigate complaints aout the denial of medical care/treatment including, but not limited to:  those complaints where an arrestee/detainee/inmate, such as Plaintiff, is injured/infirmed and needs/requires/requests medical care/treatment and/or otherwise requests to receive the services/benefits/programs/treatment/care that he is entitled to complaints where an inmate needing medical care has been denied same; complaints where an inmate was untimely

53

provided with same and/or improperly provided with same and, as a result therefrom, has been injured or died.

132.    That prior to on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, Defendants and their agents/servants/employees/contractors/licensees have been on notice for years that the foregoing conduct, actions, omissions, negligence, intentional acts, failures, medical malpractice, reckless endangerment, reckless disregard, wanton conduct, maltreatment, discrimination, recklessness and deliberate indifference to inmates/arrestees/detainees and, in particular, to injured/ill/sick/infirmed inmates/arrestees/detainees like Plaintiff herein, who are in the exclusive care, custody and control of said Defendants, and to the inmates/arrestees/detainees' Constitutional rights, to their lives, safety, health, physical health, physical safety and well being, as well as of the retaliatory animus/bias, abuse of authority, abuse of title, abuse of position, abuse of power and/or harassment, were and continue to be widespread, and, that particular reforms need to be implemented.

133.    That prior to on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, it was the policy, practice and/or customs of Defendants and their agents/servants/employees/contractors/licensees to fail to, improperly and/or inadequately screen, hire train, supervise, manage, control, oversee, govern and discipline their officers, doctors, nurses, medical staff, medical personnel and/or employees, including those named herein as Defendants; thereby failing to discourage the Constitutional violations committed by them against inmates/arrestees/detainees in their exclusive care, custody and control such as those violations committed against the Plaintiff herein.

134.    That prior to on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, Defendants and their agents/servants/employees/contractors/licensees as a matter of policy, custom and/or practice, have, with deliberate indifference and reckless disregard, failed to adequately screen for hiring and retention and failed to discipline, train, or otherwise supervise and control their officers, doctors, nurses, medical staff, medical personnel and/or employees, including those named herein as Defendants, and, have failed to take remedial/corrective/preventive measures to safeguard the rights, lives, safety, health, physical health, physical safety, medical needs and well being of inmates/detainees/arrestees such as Plaintiff herein who are in the exclusive care, custody and control of the Defendants; thereby causing the Defendants herein to engage in the unlawful conduct against Plaintiff as described in detail herein.

135.    That at all relevant times herein mentioned, the foregoing acts, omissions, conduct, failures, recklessness, wantonness, negligence, malicious acts, intentional acts, systemic deficiencies, reckless disregard for and/or deliberate indifference to the danger of harm to inmates/arrestees/detainees like Plaintiff herein, and to the need for supplemental or different training, discipline, policies, practices and/or customs of the Defendants and of their officers, doctors, nurses, medical staff, medical personnel and/or employees, including those named herein as Defendants, have caused Defendants, including the individually named Defendants herein, to believe that they can violate the rights of inmates/arrestees/detainees like Plaintiff who are in their exclusive care, custody and control with impunity; foreseeably allowing them to violate the Constitutional rights of inmates/arrestees/detainees and to endanger their lives, safety, health, physical health,

physical safety, medical needs and well being as these acts/conduct/omissions/failures continue to occur and exist and to be perpetuated/facilitated/maintained and enabled by the Defendants in violation of the State and Federal Constitution. That at all relevant times herein mentioned, these violations were further tolerated, encouraged, facilitated, fostered, maintained, undisciplined, uncorrected and/or unpunished by Defendants and their agents/servants/employees/contractors/licensees herein, thereby, directly and proximately causing injury and damages to Plaintiff herein.

136. That at all relevant times herein mentioned, as a direct and proximate result of the Defendants' deliberate indifference to and reckless disregard for Plaintiff's life, safety, health, medical needs and wellbeing, Defendants violated Plaintiff's Constitutional rights and caused Plaintiff to suffer serious and substantial harm and injury therefrom.

137. That at all relevant times herein mentioned, as with the acts, conduct, omissions and failures complained of herein, these Defendants acts/conduct/omissions/failures, including, but not limited to, the unlawful excessive force, assault, battery and denial of medical care to Plaintiff, were performed and enabled to be performed pursuant to a custom and practice that, while not formally approved in writing by Defendants, have nonetheless been adopted and practiced as a practice and custom as same are so widespread so as to have the force of law and, as such, the Defendants are liable herein for same.

138. That at all relevant times herein mentioned, Defendant THE CITY OF NEW YORK is liable herein as the facts pleaded herein set forth that as a municipality, THE CITY OF NEW YORK, despite being aware of the widespread problems complained of herein, nonetheless, THE CITY OF NEW YORK has demonstrated and/or exercised deliberate

56

indifference to and reckless disregard for these known unlawful actions/conduct/omissions/failures of its employees and agents that caused or led to the injury of a citizen such as the injuries that Plaintiff was caused to suffer herein.

139.   That at all relevant times herein mentioned, the need to take some action to control THE CITY OF NEW YORK'S departments/agencies/subsidiaries/agents/employees/contractors/police officers/corrections officers/medical staff is so obvious, and, the inadequacy of THE CITY OF NEW YORK'S existing practice is so likely to result in violation of one's Constitutional rights as occurred to Plaintiff herein that, as such, THE CITY OF NEW YORK is liable for being deliberately indifferent to and exhibiting a reckless disregard for said need pursuant to §1983.

140.   That at all relevant times herein mentioned, the toleration of an employee's or subordinate's behavior/conduct, as occurred herein with the Defendants' unlawful conduct and THE CITY OF NEW YORK'S acceptance, fostering, perpetuating, facilitating and enabling of same, herein establishes a "policy-in-practice" for which Defendant THE CITY OF NEW YORK is liable, and, is further liable for failing to train its employees herein, including the individually named Defendants herein, and by failing to do so despite the known need for same; thereby evidencing a deliberate indifference to and a reckless disregard for the rights of citizens including those of Plaintiff herein.

141.   That at all relevant times herein mentioned, despite knowing of the foregoing need, and despite knowing for years that the negligence, wantonness, maliciousness, medical malpractice, deliberate indifference to and reckless disregard for the medical needs of inmates/detainees/arrestees and/or the denial of proper/timely/adequate medical care to inmates/detainees/arrestees by the medical

57

staff/personnel/doctors/nurses/assistants/physicians employed by Defendants has been taking place for years, and, that same has caused injury, serious injury, grave injury and, in fact, death to inmates/arrestees/detainees in Defendants' exclusive care, custody and control, the Defendants THE CITY OF NEW YORK, NYCDOC and NYCHHC ignored same and took no action, remedial, corrective, investigative, disciplinary or otherwise, in response thereto; thereby allowing same Defendants to intentionally injure, damage and/or cause to be injured/damaged, the Plaintiff herein.

142. That at all relevant times herein mentioned, the acts/conduct/failures/omissions complained of herein, including, but not limited to the acts/conduct/failures/omissions of the individually named Defendants herein, were committed by the Defendants herein while on duty, while within the scope of their employment, while acting under color of law, while acting in concert with one another and while acting in furtherance of their business/employment and, as such, Defendant THE CITY OF NEW YORK need not have foreseen the exact act or manner of the Plaintiff's injuries as, where general foreseeability exists as it so exists herein, then even the intentional torts of the individually named Defendants fall within the scope of their respective employment for which Defendant THE CITY OF NEW YORK is liable herein.

143. That at all relevant times herein mentioned, as a direct and proximate result of the Defendants' deliberate indifference to and reckless disregard for Plaintiff's life, safety, health, physical safety, medical needs and wellbeing, Defendants violated Plaintiff's Constitutional rights and caused Plaintiff to suffer substantial harm and injury including, but not limited to: a broken/fractured nose; swelling/bruising/lacerations to Plaintiff's head/face/forehead/left eye that resulted in Plaintiff's left eye swelling shut; loss of vision;

diminished vision; impaired vision; emotional distress (both intentional and negligent); pain; anguish; cruel, unusual and inhumane treatment; excessive force; assault; battery; denial of medical care; thereby in violation of Plaintiff's Constitutional rights causing Plaintiff to incur, and to continue to incur, damages for medical expenses and other related expenses and/or losses for which Plaintiff claims damages herein, and, otherwise violated the Constitutional rights of Plaintiff.

144.    That at all relevant times herein mentioned, as a direct and proximate result of all of the foregoing, Plaintiff claims damages herein.

## COUNT VI

### 42 U.S.C. Section 1986 ACTION FOR NEGLECT/FAILURE TO PREVENT AGAINST ALL DEFENDANTS

145.    Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint numbered "1" through "144" with the same force and effect as if more fully set forth at length herein.

146.    That at all relevant times herein mentioned, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" had knowledge and/or information that they did not have/possess the justification, authority and/or permission to unlawfully and forcibly restrain, assault, use excessive force against, deny medical care to and/or batter Plaintiff, while he was in their exclusive care, custody and control, and while they harassed, pushed, shoved, struck, hit, punched, kicked, beat, assaulted and/or battered Plaintiff causing him to sustain injuries/damages including, but not limited to: a fractured/broken nose; swelling/bruising/lacerations to Plaintiff's face/head/forehead/left eye, such that his left eye was swollen shut; lost vision; impaired vision; diminished vision;

emotional distress (intentional and negligent); pain; anguish; cruel, unusual and inhumane treatment; assault; battery; excessive force and denial of medical care; in violation of Plaintiff's New York State and Federal Constitutional Rights, and related injuries, causing Plaintiff to incur, and to continue to incur, damages for which Plaintiff claims damages herein.

147. That at all relevant times herein mentioned, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES", each individually and collectively, had the power and authority to prevent the others, individually and/or collectively, from engaging in the aforementioned actions/conduct/failures/omissions against the Plaintiff and each Defendant, individually and acting in concert with the other and acting under color of law, willfully, intentionally and/or negligently neglected and refused to prevent the other from engaging in the aforementioned acts/conduct/omissions/failures against Plaintiff.

148. That at all relevant times herein mentioned, the Defendants' willful and deliberate failure to act when they each had a duty to do so was the actual and proximate cause of the injuries and damages Plaintiff suffered and continues to suffer herein.

149. That at all relevant times herein mentioned, by their conduct under color of state law, it is believed that Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES", named herein each, individually and collectively, had opportunities to intercede on behalf of Plaintiff to prevent the assault, battery, unreasonable and excessive force used against and denial of medical care to Plaintiff and to prevent the other violations of the Constitutional rights of the Plaintiff herein but, due to Defendants' intentional, wanton, malicious, reckless and/or egregious conduct/acts/omissions/failures,

and their reckless disregard and/or deliberate indifference, Defendants declined or refused to do so; thereby causing Plaintiff to sustain serious personal and physical injuries therefrom.

150.   That Defendants, by their conduct under color of state law, named Defendants herein each, individually and collectively, had knowledge and/or information that they did not have/possess the justification, authority and/or permission to unlawfully deny/refuse medical care and treatment to inmates/arrestees/detainees in same Defendants' exclusive care, custody and control while, here, same Defendants did deny/refuse necessary medical treatment/care to Plaintiff herein while he was in the exclusive care, custody and control of same Defendants herein.

151.   That at all relevant times herein mentioned, all Defendants, each individually and collectively, had the power and authority to prevent the others individually and/or collectively from denying/refusing Plaintiff needed/medically ordered/requested medical care/treatment to which Plaintiff was entitled and of which each Defendant, individually and acting in concert with the other and acting under color of law, chose instead to deliberately, maliciously, recklessly, wantonly, willfully, intentionally and/or negligently neglected and refused to prevent the other from unlawfully denying Plaintiff said medical treatment.

152.   That at all relevant times herein mentioned, by their conduct under color of state law, it is believed that Defendants, including Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" named individually herein each, individually and collectively, had opportunities to intercede on behalf of Plaintiff to provide and/or cause to be provided to Plaintiff the necessary medical care/treatment for his injuries but, due to Defendants' reckless disregard, intentional conduct and/or deliberate

61

indifference, Defendants declined or refused to do so; thereby causing Plaintiff to sustain serious personal and physical injuries therefrom.

153.    That at all relevant times herein mentioned, as a direct and proximate result of Defendants' conduct, acts, failures and/or omissions, Plaintiff suffered the injuries and damages set forth and described above and continues to suffer from same to present date.

154.    That as a direct and proximate result of all of the foregoing, Plaintiff claims damages for the injuries he sustained herein.

**PENDENT STATE CLAIMS**

**COUNT VII**

**INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
AGAINST ALL DEFENDANTS**

155.    Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint numbered "1" through "154" with the same force and effect as if set forth more fully at length herein.

156.    That at all relevant times herein mentioned, the Defendants, under color of law, conspired with each other to undertake a course of conduct to unlawfully retaliate against, assault, batter, use excessive force against and deny medical care to, Plaintiff with the intent of and/or negligently inflicting emotional distress upon Plaintiff and denying Plaintiff the equal protection of the laws of the State of New York and of the United States of America.

157.    That    at    all    relevant    times    herein    mentioned,    by    their actions/conduct/failures/omissions as set forth above, Defendants caused Plaintiff to suffer infliction of emotional distress under the laws of the State of New York.

158. That at all relevant times herein mentioned, Defendants engaged in extreme, wanton and outrageous conduct which intentionally caused Plaintiff to suffer severe emotional distress herein.

159. That at all relevant times herein mentioned, Defendants placed Plaintiff in fear of death, in fear of his physical safety, health, life and wellbeing and, as such, Defendants negligently, intentionally and/or recklessly caused Plaintiff to suffer emotional distress, mental anguish, shock, fear, anxiety, psychological trauma, trauma, fear of death and related injuries therefrom.

160. That at all relevant times herein mentioned, Defendants, their officers, agents, servants, and/or employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by Plaintiff herein.

161. That at all relevant times herein mentioned, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" were at all times herein mentioned agents, servants and/or employees of and acting within the scope of their employment and under the color of law with Defendants THE CITY OF NEW YORK, NYPD, NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, NYCDOC, and/or NYCHHC when they intentionally and/or negligently caused Plaintiff to suffer emotional distress herein.

162. That at all relevant times herein mentioned, Defendants THE CITY OF NEW YORK, NYPD, NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, NYCDOC, and NYCHHC were and are responsible for the hiring, retention, supervision, management, training, disciplining and/or control of the individual Defendants herein, including Defendants "JOHN DOES" and "JANE DOES",

and, as such, are liable pursuant to *respondeat superior* for the acts, conduct, failures and/or omissions of all of the individual Defendants named herein.

163. That at all relevant times herein mentioned, the foregoing unlawful conduct, acts, failures and/or omissions by Defendants against Plaintiff herein caused Plaintiff to suffer from emotional distress and were without justification or cause, were without permission, were without authority and were committed forcibly, unlawfully and against Plaintiff's will.

164. That at all relevant times herein mentioned, all of the foregoing occurred without just cause, good cause, cause, fault and/or provocation on the part of Plaintiff herein.

165. That at all relevant times herein mentioned, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" were/are employees of Defendants THE CITY OF NEW YORK, NYPD, NYCDOC, NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, and/or NYCHHC and, as such, Defendant THE CITY OF NEW YORK is liable under the doctrine of *respondeat superior* for their intentional and/or tortious actions, conduct, failures and/or omissions against Plaintiff herein.

166. That pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

167. That the limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

168. That as a direct and proximate result of all of the foregoing, Plaintiff claims damages for the injuries he sustained herein.

## COUNT VIII

### ASSAULT AND BATTERY
### AGAINST ALL DEFENDANTS

169.    Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint numbered "1" through "168" with the full force and effect as if set forth more fully at length herein.

170.    That at all relevant times herein mentioned, the individual Defendants named herein, under color of law, individually, and collectively, unlawfully used excessive force against, assaulted and battered Plaintiff by striking, hitting, punching, kicking, harming physically, assaulting and beating Plaintiff, while Plaintiff was in their exclusive care, custody and control, with the intent of causing physical harm, offensive contact and/or injury to Plaintiff with the intent of denying Plaintiff the equal protection of the laws of the State of New York and of the United States of America by doing same.

171.    That at all relevant times herein mentioned, by their actions/omissions/conduct/failures, as set forth above, Defendants committed unlawful use of excessive and unreasonable force against, cruel and unusual punishment against, assault against and battery against Plaintiff under the laws of the State of New York.

172.    That at all times herein mentioned, the foregoing unlawful conduct, acts, failures and/or omissions by Defendants against Plaintiff was without justification or cause, without permission and/or authority, was committed forcibly and unlawfully and was committed against the Plaintiff's will.

173. That at all relevant times herein mentioned, all of the foregoing occurred without fault, cause, good cause, just cause and/or provocation on the part of the Plaintiff herein.

174. That at all relevant times herein mentioned, as a result of the foregoing unlawful acts, conduct, failures and/or omissions of the Defendants herein, the Defendants, each individually and collectively, and by and through their agents, servants, licensees and/or employees and, in particular, by Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" police officers named herein, placed Plaintiff in apprehension and fear of imminent harmful and/or offensive contact and/or physical injury by conduct including, but not limited to: breaking/fracturing Plaintiff's nose; striking Plaintiff's head/face/eye such that his eye was swollen shut causing Plaintiff to sustain loss of/diminished/impaired vision; causing Plaintiff to sustain serious contusions, swelling and bruising; mental anguish; shock; emotional distress (both intentional and negligent), and, further causing Plaintiff to incur, and to continue to incur, damages herein.

175. That at all relevant times herein mentioned, as a result of the foregoing unlawful acts, conduct, failures and/or omissions by/of Defendants herein, Defendants, each individually and collectively, and by and through their agents, servants, licensees and/or employees and, in particular, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" named herein, unlawfully battered Plaintiff by hitting, striking, punching, kicking, dragging, pulling, pushing, shoving and/or beating Plaintiff while Defendants forcibly restrained/detained Plaintiff against his will causing injuries/damages to Plaintiff including, but not limited to: a fractured/broken nose; swelling/bruising/lacerations to Plaintiff's face/head/forehead/left eye such that his left eye

66

was swollen shut; loss of vision; diminished vision; impaired vision; emotional distress (both intentional and negligent); pain; anguish; cruel, unusual and inhumane treatment; denial of medical care; assault; battery; excessive force; and, deprivation of Plaintiff's liberty and other civil rights; thereby causing Plaintiff to incur, and to continue to incur, damages and injuries for which Plaintiff claims damages herein.

176.    That at all relevant times herein mentioned, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" were/are employees of Defendants THE CITY OF NEW YORK, NYPD, and NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH and, as such, Defendant THE CITY OF NEW YORK is liable under the doctrine of *respondeat superior* for the tortious actions, conduct, failures and/or omissions of/by these individual Defendants herein.

177.    That pursuant to 28 U.S.C. Section 1367, this Court had pendent or supplemental jurisdiction to hear and adjudicate such claims.

178.    That the limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

179.    That as a direct and proximate result of all of the foregoing, Plaintiff claims damages for the injuries he sustained herein.

**COUNT IX**

**NEGLIGENCE**
**AGAINST ALL DEFENDANTS**

180.    Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint numbered "1" through "179" with the same force and effect as if more fully set forth at length herein.

67

181.    That on or about June 28, 2017, and at all relevant times herein mentioned, Defendants owed Plaintiff a duty to be free from unlawful assault, battery, use of excessive force and denial of medical care.

182.    That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants owed Plaintiff a duty to keep and maintain Plaintiff in a safe environment, free from assault, battery, excessive force, cruel and unusual punishment, unlawful seizure of his person, denial of medical care, and, a duty to provide Plaintiff with an environment of proper, timely and adequate medical care, benefits, services and treatment while Plaintiff, as an arrestee/detainee/inmate, was in the Defendants' exclusive care custody and control.

183.    That on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, Defendants were further under a duty to provide proper/timely/adequate medical care/treatment/benefits/programs/services to Plaintiff and to otherwise treat/provide medical care/services for Plaintiff's serious injuries of which the Defendants were aware he was suffering and for which he repeatedly requested medical care and/or was medically ordered to receive same.

184.    That from on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants had a duty to supervise, manage, control, govern, train, discipline, oversee and/or police the conduct/actions/omissions/failures of each and every other Defendant named herein and had a responsibility to oversee the actions/conduct/omissions/failures of each other.

185.    That from on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants were responsible for the hiring, training,

retention, instructing, supervising, managing, governing, controlling, overseeing and/or disciplining of Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES", intended to be NYPD police officers, NYCDOC corrections officers, NYCHHC doctors, nurses, medical staff and/or medical employees whose identities are known to Defendants and unknown to Plaintiff, who assaulted, battered, used excessive force against, denied medical care to and/or failed to treat Plaintiff herein in violation of Plaintiff's Constitutional rights.

186. That from on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants breached the duties owed to Plaintiff and were negligent herein by: assaulting him; battering him; using excessive force against him; denying him the proper/timely/adequate medical care; denying him to be transported/transferred to an outside hospital/facility/doctor/specialist/emergency medical provider to receive such needed medical care; and, by denying him to be transported to an ENT specialist despite same being medically ordered in the discharge instructions for Plaintiff from Bellevue Hospital; all such actions taken by Defendants while Plaintiff was in their exclusive care, custody and control.

187. That on or about June 28, 2017 and continuing to present and at all relevant times herein mentioned, Defendants were negligent as they knew, and/or in the exercise of due diligence and/or their duty would have/should have known, that the conduct/actions/omissions/failures of the Defendants, including the individually named Defendants and "JOHN DOES" and "JANE DOES" herein would likely occur.

188. That on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants were negligent in that they further failed to take

preventive, corrective and/or remedial measures to guard against the unlawful, intentional, wanton, reckless, egregious and malicious conduct, actions, omissions, failures, negligence, recklessness, gross negligence, medical malpractice, reckless disregard and/or deliberate indifference of/by Defendants against Plaintiff, and, further failed to prevent the violation of the Constitutional rights of Plaintiff herein.  Had the Defendants taken appropriate action and/or exercised their duty in a reasonable and not in a negligent manner, the violation of Plaintiff's Constitutional rights would not have occurred.

189.    That at all relevant times herein mentioned, the conduct, acts, omissions, failures and negligence of Defendants in failing to screen, supervise, train, re-train, fire, manage, control, oversee, govern, and discipline the individually named Defendants and the "JOHN DOES" and "JANE DOES" Defendants named herein, directly and proximately caused physical, personal and psychological/emotional injury and damage to Plaintiff herein.

190.    That    at    all    relevant    times    herein    mentioned,    by    their conduct/actions/omissions/failures/negligence as set forth in detail above, under color of law and in the scope of their employment, the Defendants deprived Plaintiff of his Constitutional rights including the right to be free from unlawful seizure of his person, the right to be free from cruel and unusual punishment, the right to be free from assault and battery, the right to proper/timely/adequate medical care/services/programs/treatment/benefits, the right to be free from the denial of medical care, the right to due process, the right to benefits/services/activities/programs (including medical services/care) and the right to equal protection under the law.

70

191. That at all relevant times herein mentioned, Defendants were negligent in the hiring, retaining, training, managing, overseeing, governing, supervision and control of the individual Defendants named herein and the "JOHN DOES" and "JANE DOES" named herein, and, were further negligent in failing to intervene and/or prevent the aforementioned unlawful conduct, omissions, actions, failures, negligence, injuries and damages that were unlawfully inflicted against Plaintiff herein.

192. That at all relevant times herein mentioned, Defendants were negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their employees/agents, specifically the individually named Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" named herein, and, by further failing to prevent, intercede and/or stop the aforementioned individually named Defendants from committing the unlawful acts, conduct, omissions and failures against Plaintiff herein; those acts which directly and proximately caused injury and damage to Plaintiff therefrom including, but not limited to: a broken/fractured nose, a swollen shut eye with subsequent persistent visual impairment, loss of vision, diminished vision, cuts/bruises/contusions/lacerations to Plaintiff's face/head/eye/nose from which Plaintiff still suffers to present date.

193. That as a direct and proximate result of all of the foregoing unlawful acts/conduct/omissions/failures/negligence of Defendants herein, Defendants breached the duties they owed to Plaintiff and, as such, are further in violation of Plaintiff's rights pursuant to Article One, Section Twelve of the New York State Constitution.

194. That at all relevant times herein mentioned, Defendants' breach of the duties owed to Plaintiff is/was a direct and proximate cause of Plaintiff's injuries herein including,

but not limited to Defendants': fracturing/breaking Plaintiff's nose; causing swelling/bruising/lacerations to Plaintiff's face/head/forehead/left eye such that his left eye was swollen shut; causing loss of/diminished/impaired vision; causing emotional distress (both intentional and negligent); causing pain; causing anguish; committing cruel, unusual and inhumane treatment; committing assault and battery; committing excessive force; committing denial of medical care; and depriving Plaintiff of his liberty and other civil rights which, in turn, caused Plaintiff to incur, and to continue to incur, damages herein.

195.   That at all relevant times herein mentioned, by their conduct/actions/omissions/failures/negligence, as set forth above, Defendants were negligent under the laws of the State of New York.

196.   That at all relevant times herein mentioned, the foregoing unlawful conduct, acts, failures, negligence and/or omissions by Defendants against Plaintiff were without justification or cause, without permission and/or authority and were committed forcibly, unlawfully and against the Plaintiff's will.

197.   That at all relevant times herein mentioned, all of the foregoing occurred without fault, cause, good cause, just cause and/or provocation on the part of the Plaintiff herein.

198.   That at all relevant times herein mentioned, Defendants RAMOS, MEJIA, MERCHAN, VELEZ and "JANE DOES" and "JOHN DOES" herein are/were employees of Defendants THE CITY OF NEW YORK, NYPD, NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, NYCDOC, and/or NYCHHC and, as such, THE CITY OF NEW YORK is liable under the doctrine of

*respondeat superior* for their tortious actions, conduct, failures, negligence and/or omissions against Plaintiff herein.

199. That the limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

200. That pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

201. That as a direct and proximate result of all of the foregoing, Plaintiff claims damages for the injuries sustained herein.

## COUNT X

### MEDICAL MALPRACTICE
### AGAINST ALL DEFENDANTS

202. Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint numbered "1" through "201" with the same force and effect as if set forth more fully at length herein.

203. That at all relevant times herein mentioned, Defendants and their agents/servants/employees/contractors/licensees, including Defendants NYCHHC and its agents/employees/medical staff/doctors/nurses named herein as Defendants "JOHN DOES" and "JANE DOES", who treated, mistreated, failed to treat, negligently treated, denied medical care to, denied proper medical care to, denied timely medical care to, denied adequate medical care to, denied access to an outside hospital/facility/doctor/emergency room for medical care/treatment to and/or committed medical malpractice against Plaintiff herein, were and still are, and/or hold themselves out to the public, out to the inmates to whom they have the duty to treat, and, to Plaintiff in particular, to be

73

physicians/doctors/medical providers duly licensed to practice medicine in the State and/or City of New York.

204.    That at all relevant times herein mentioned, Defendants and their agents/servants/employees/contractors, including Defendant NYCHHC and its agents/employees/medical staff/doctors/nurses, named herein as Defendants "JOHN DOES" and "JANE DOES", who treated, mistreated, failed to treat, negligently treated, denied medical care to, denied proper medical care to, denied timely medical care to, denied adequate medical care to, denied access to an outside hospital/facility/doctor/emergency room/specialist for medical care/treatment and/or committed medical malpractice against Plaintiff herein, held themselves out to the public, out to the inmates to whom they have the duty to treat, and, specifically out to Plaintiff as possessing an utilizing the proper degree of skill and learning necessary to render medical services in accordance with accepted medical practice and that they undertook to use reasonable care and diligence in the treatment of patients and, specifically, of Plaintiff where Plaintiff, an inmate in their exclusive care custody and control, was injured/infirmed and suffering from serious personal and physical injuries and required and requested medical treatment therefor.

205.    That at all relevant times herein mentioned, while Plaintiff was detained by Defendants NYPD, NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, RAMOS, MEJIA, MERCHAN, VELEZ and "JOHN DOES" and "JANE DOES" at their police precinct and when Plaintiff was, and still is, incarcerated by Defendant NYCDOC at AMKC at Rikers Island Correctional Facility,

Plaintiff was, and still is, in the Defendants' exclusive care custody and control and was suffering from serious personal and physical injuries that required medical care, for which Plaintiff requested medical care and for which medical care was ordered by Bellevue Hospital to be provided to Plaintiff of which Defendants were aware but Defendants refused, denied and/or failed to provide Plaintiff with said medical care to present date.

206.    That at all relevant times herein mentioned, while Plaintiff was and still is in Defendants' exclusive care, custody and control, Plaintiff was/is not afforded and could not/cannot avail himself of seeking outside medical care/treatment on his own behalf outside of Defendants' medical services, programs, benefits, care, treatment, accommodations or lack thereof.

207.    That at all relevant times herein mentioned, Defendants and their agents/servants/employees/contractors/licensees   were   under   a   duty   to   provide proper/timely/adequate medical care/treatment to Plaintiff including, but not limited to, the proper, timely and adequate medical care to treat Plaintiff's serious personal and physical injuries from which he was suffering, about which Defendants knew he was suffering from, for which medical care was ordered by Bellevue Hospital, and, for which Plaintiff repeatedly requested medical care, to wit: a broken/fractured nose, a swollen-shut eye, a bruised eye, impaired vision, vision loss, bruises, cuts, abrasions, contusions to Plaintiff's head/forehead/face/nose/eye area and other related injuries.

208. That at all relevant times herein mentioned, the Defendants and their agents/servants/employees/contractors/licensees were under a duty to obtain medical care/treatment for Plaintiff's injuries including, but not limited to follow-up care with an ENT specialist as ordered by Bellevue Hospital's discharge instructions for Plaintiff when Plaintiff was released by Bellevue into the Defendants' exclusive care, custody and control within Defendants NYPD and/or NYCDOC, as such treatment was and is still necessary in order to assess, evaluate, ascertain, diagnose, treat and examine Plaintiff and Plaintiff's injuries from which he still suffers to present date and for which he still requires medical care at present date and continuing into the future.

209. That at all relevant times herein mentioned, Defendants and their agents/servants/employees/contractors/licensees failed to provide the proper/timely/adequate medical services, care and treatment to Plaintiff including, but not limited to: failing to timely transport/obtain medical treatment for Plaintiff and his serious physical injuries; failing to timely and/or adequately provide Plaintiff with medically necessary and medically ordered treatment with an ENT specialist as ordered by Bellevue Hospital; and failing to provide adequate, proper and/or timely medical treatment and care to Plaintiff for his serious personal and physical injuries including his broken nose and the trauma to his eye that resulted in loss of/impaired vision; all of which directly and proximately caused Plaintiff to suffer, and continue to suffer, injuries and damages to present date.

210. That at all relevant times herein mentioned, Defendants and their agents/servants/employees/contractors/licensees committed said failures/negligence/omissions/medical malpractice against Plaintiff while within the scope of their employment/agency/contractual relationship/affiliation with one another, and,

76

Defendants stood in such a relationship with each other in their care and treatment, or lack thereof, of Plaintiff so as to make each liable for the acts, conduct, failures, omissions, negligence and/or medical malpractice of the other herein.

211.  That at all relevant times herein mentioned, Defendants were negligent in the hiring, training, supervising, retaining, overseeing, controlling, operating, governing, disciplining and/or managing of their medical doctors, medical providers, nurses, physicians, medical employees, medical staff and/or medical personnel who were careless, unskillful, negligent, reckless, wanton and deliberately indifferent to Plaintiff and to his life, safety, health, well-being and his serious medical and physical injuries from which Plaintiff was suffering, and, did not possess the requisite knowledge and skill of medical professionals in the community in their treatment, or lack thereof, of Plaintiff herein. Defendants THE CITY OF NEW YORK, NYCDOC and NYCHHC are further liable for same herein pursuant to the doctrine of *respondeat superior*.

212.  That at all relevant times herein mentioned, Defendants, individually and through their agents, servants and/or employees were negligent, careless, reckless, grossly negligent, wanton, committed medical malpractice and departed from the good and accepted standards of medical practice/care in the medical care/treatment/services/benefits/programs/accommodations, and/or lack thereof, rendered/not rendered to Plaintiff as set forth in detail above.

213.  That at all relevant times herein mentioned, the medical care/treatment/services/benefits/programs/accommodations, or lack thereof, that Defendants provided and/or failed to provide to Plaintiff were rendered and/or failed to be rendered carelessly, unskillfully, negligently, recklessly, and, were rendered not in accordance with

the good and accepted standards of medical care/diagnosis/treatment/services in the community; said medical services/care, or lack thereof, deviating from the good and accepted standards of medical care/diagnosis/treatment/services in the community and, as a direct and proximate result of the foregoing, Plaintiff was seriously injured/damaged herein and caused to suffer serious physical injuries including, but not limited to: a broken/fractured nose; swelling/bruising/contusions/lacerations to Plaintiff's face/head/forehead/left eye such that his left eye was swollen shut; loss of vision; diminished vision; impaired vision; emotional distress (both intentional and negligent); pain; anguish; cruel, unusual and inhumane treatment and other related and/or consequential injuries and damages herein.

214.    That at all relevant times herein mentioned, Defendants' departure from the good and accepted standards of medical care in the medical treatment, care, services and/or lack thereof, that they rendered and/or failed to render to Plaintiff, and/or failed to properly/timely/adequately render to Plaintiff, was a direct and proximate cause of Plaintiff's serious personal and physical injuries and damages herein.

215.    That at all relevant times herein mentioned, that Defendants' departure from the good and accepted standards of medical care in the medical treatment, care, services and/or lack thereof, that the Defendants rendered and/or failed to render to Plaintiff and/or failed to properly/timely/adequately render to Plaintiff, was a substantial factor in causing Plaintiff's injuries and damages herein.

216.    That at all relevant times herein mentioned, by reason of the above, the Defendants' departure from the good and accepted standards of medical care in the medical treatment, care, services, and/or lack thereof, that the Defendants rendered and/or failed to

render to Plaintiff and/or inadequately/untimely/improperly rendered to Plaintiff proximately caused, precipitated and contributed to Plaintiff's injuries and damages herein.

217.    That at all relevant times herein mentioned, Defendants' negligence and medical malpractice committed herein against Plaintiff is a proximate cause of the injuries and damages sustained and suffered by Plaintiff, for which recovery is sought herein.

218.    That from on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants and their agents/servants/employees/contractors provided and/or failed to provide the aforementioned medical services and care to Plaintiff, and/or failed to provide same, while within the scope of their employment, contract, contractual relationship, agency and/or affiliation with/for the Defendants, including with/for Defendants THE CITY OF NEW YORK, NYPD, NEW YORK CITY POLICE DEPARTMENT NARCOTICS BOROUGH MANHATTAN NORTH, NYCDOC and NYCHHC.

219.    That at all relevant times herein mentioned, Defendants represented to the public at large, and, more particularly to Plaintiff that they utilized and employed medical personnel possessing the proper degree of skill and learning necessary to render medical services in accordance with accepted medical practices and that they undertook to use reasonable care and diligence in the treatment of patients/inmates, and, specifically of Plaintiff.

220.    That from on or about June 28, 2017 and continuing to present, and at all relevant times herein mentioned, Defendants, individually and through their agents, servants and/or employees were negligent, careless, reckless, wanton deliberately indifferent, committed medical malpractice and departed from the good and accepted standards of

medical practice/care in the medical care, treatment and services rendered, and/or not rendered, to Plaintiff herein.

221.    That the limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

222.    That pursuant to 28 U.S.C. 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

223.    That as a direct and proximate result of all of the foregoing, Plaintiff claims damages for the injuries he sustained herein.

## COUNT XI

### PUNITIVE DAMAGES
### AGAINST ALL DEFENDANTS EXCEPT AS TO DEFENDANT THE CITY OF NEW YORK

224.    Plaintiff repeats, reiterates and re-alleges each and every fact and allegation contained in paragraphs of the Complaint numbered "1" through "223" as if set forth more fully at length herein.

225.    That at all relevant times herein mentioned, the foregoing unlawful acts/conduct/omissions by Defendants against Plaintiff, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees against Plaintiff were reckless, malicious, intentional, egregious, wanton and/or were committed with deliberate and/or reckless indifference and disregard to human life and to Plaintiff's rights, life, safety, health, medical needs and well being.

226.    That as a direct and proximate result of all of the foregoing, Plaintiff sustained injuries and damages herein from which he continues to suffer to present date and continuing into the future.

227.    That pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

228.    That the limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

229.    That as a direct and proximate result of all of the foregoing, Plaintiff claims damages for the injuries he sustained herein.

230.    That as a direct and proximate result of all of the foregoing, Plaintiff claims punitive damages herein, except as to Defendant THE CITY OF NEW YORK.

### **PRAYER FOR RELIEF**

231.    **WHEREFORE,** Plaintiff, ROBERT VARGAS requests the following relief, jointly and severally, as against all of the Defendants:

1.    Award compensatory damages in an amount to be determined at trial;

2.    Award consequential damages in an amount to be determined at trial;

3.    Award punitive damages in an amount to be determined at trial;

4.    Disbursements, costs and attorney's fees; and

5.    For such other and further relief to this Court may seem just and proper.

## <u>ALL CONDITIONS PRECEDENT HAVE BEEN MET</u>

## <u>PLAINTIFF DEMANDS TRIAL BY JURY</u>

Dated: Jamaica, New York
      June 25, 2018

                Respectfully submitted,

                JENNA DICOSTANZO, ESQ.
                DRUMMOND &SQUILLACE, PLLC
                Attorneys for the Plaintiff
                ROBERT VARGAS
                175-61 Hillside Avenue, Suite 205
                Jamaica, New York 11432
                (718) 298-5050

## ATTORNEY'S VERIFICATION

JENNA DICOSTANZO, an attorney duly admitted to practice before the Courts of the State of New York and the United States District Court, Eastern District of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiff ROBERT VARGAS. I have read the annexed **SUMMONS IN CIVIL ACTION, COMPLAINT** and **JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:  Queens, New York
June 25, 2018

JENNA DICOSTANZO, ESQ.

83